COMMONWEALTH vs. EDWARD RYAN.

Worcester. Nov. 27, 1882. — Feb. 28, 1883. DEVENS & HOLMES, JJ., absent.

At the trial of an indictment for the murder of a woman by poison, there was evidence that the life of licentiousness and debauchery which she had led would account for her death and the symptoms attending her last sickness; and that her reputation for sobriety was not good. The defendant then offered to show particular occasions when the woman had been seen drunk. This evidence was excluded. *Held*, that, as it did not appear that the particular acts of drunkenness were connected with the death of the woman, or were near the time of her death, the defendant had no ground of exception.

The magistrate presiding at an inquest, under the Pub. Sts. c. 26, is only required, by § 15, to file his report with the records of the Superior Court; and if he files, with the report, his minutes of the testimony taken at the inquest, one indicted for killing the person on whose body the inquest is held is not entitled to put in evidence the fact that the testimony was so filed, and that it was afterwards suppressed by the government.

MORTON, C. J. This indictment charges the defendant with the murder of his wife, Mary J. Ryan, by administering arsenic to her. At the trial, the defendant contended, and offered to show, that the life of licentiousness and debauchery led by Mrs. Ryan would account for her death and the symptoms attending her last sickness. For this purpose, he introduced evidence, by a number of witnesses, "that her habits of, and reputation for, sobriety were not good."

He offered to show by one of the witnesses, who had testified as to her character as a drunkard, particular occasions when he had seen her drunk. The court excluded the evidence, and the defendant excepted.

Evidence that she was an habitual drunkard would be competent, if supplemented by evidence that the effects and symptoms produced by habitual drunkenness would or might be similar to those found to exist by an examination of the deceased woman. Evidence of particular acts of drunkenness, not occurring at or near the time of her death, not connected with it, but remote in time, has no tendency to prove any of the issues in the case, except so far as it might tend to show that she was an habitual drunkard. It is not stated or contended that the particular acts of drunkenness to which the witness would testify were connected with the death, or were near the time of her death.

The question presented to us is whether, in order to prove that the woman's character was that of an habitual drunkard, the defendant had the right to go into any number of individual instances of intoxication throughout her life, unrestrained by the discretion of the court. We do not understand that the law gives him such a right.

A similar question arose in *Commonwealth* v. *Abbott*, 130 Mass. 472. There the defendant, being on trial for the murder of Maria L. Crue in 1880, contended that the homicide was committed by her husband; and, in order to show that at the time of the homicide they were living in unfriendly and hostile relations, offered to show threats and acts of unkindness by the husband towards the wife in 1874 and in 1877. The presiding justices excluded the evidence; and the full court held that it was within their discretion to determine whether the evidence offered was so remote in time, or so insignificant in character, as to furnish no aid in deciding the fact to be found.

It is the common practice for the court, in its discretion, to limit the number of impeaching witnesses or of witnesses to good character. It must be in the power of the court to limit the amount of the testimony where it may be extended indefinitely, as in cases of usage, or character, or genuineness of handwriting. *Cushing* v. *Billings*, 2 Cush. 158. Confirmed habits of drunkenness can usually be easily proved without going into the investigation of particular instances, while such investigations, if unlimited, would tend to raise a multiplicity of collateral issues, and to distract and confuse the minds of the jury and to divert them from the real issues of the case.

In the case at bar, we are of opinion that it was within the discretion of the presiding justices to admit or reject the evidence offered of particular acts of drunkenness. They were required to exercise this discretion, in view of the other evidence and of the general aspect of the case before them. We have not the right to revise their exercise of this discretion, and the defendant has no right of exception to it. This exception, therefore, must be overruled.

We are also of opinion that the other exception relied upon by the defendant must be overruled. It appeared that the judge of the First District Court of Southern Worcester held

an inquest upon the body of Mrs. Ryan; and that he returned his report, together with the minutes of the evidence taken by him, to the office of the clerk of the courts. The defendant offered to show that the minutes of testimony "had thereupon passed into the hands of the district attorney, and had been suppressed by him or by some other person, so that the defendant did not have access to them." The court rejected the evidence. The defendant contends that the rule of law in civil cases, that, if a party suppresses or destroys evidence, that fact may be proved as affording some presumption that the evidence, if produced, would be adverse to him, is applicable in this case.

If we assume, without deciding, that, if a prosecuting officer suppresses evidence in a criminal case, that fact may be proved, as in a civil case, yet this case is not within the rule. The justice who holds an inquest is required to draw up and sign a report, and file it with the records of the Superior Court. Pub. Sts. *c.* 26, § 15. He is not required to take or file minutes in writing of the testimony before him. Such minutes when taken are for his private use, and belong to him. They are not competent evidence for any purpose in the trial of an indictment for the murder of the person to whom the inquest relates. There was therefore no suppression of evidence. Undoubtedly the defendant might show by the testimony of the judge, if such was the fact, that the witnesses testified differently at the inquest and at the trial, but the minutes would not be admissible for this purpose. It is not legitimate to ask the jury to infer that the paper which is alleged to be suppressed would show a self-contradiction in the witnesses, and to act upon that inference when the paper itself, if produced, would not be competent evidence. It is proper to add, that we have considered this question as if there had been a direct offer to prove that the district attorney had suppressed this paper. The offer was to prove that it had been suppressed by "him or by some other person," which is less favorable to the defendant's claim.

*Exceptions overruled.*

*F. A. Gaskill,* for the defendant.

*G. Marston,* Attorney General, (*C. H. Barrows,* Assistant Attorney General, with him,) for the Commonwealth.