MICHAEL BRODERICK *vs.* JAMES J. HIGGINSON.
CATHARINE BRODERICK *vs.* SAME.

Worcester.   October 5, 1897. — November 23, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Injuries occasioned by a Dog — Evidence — Instructions — Rights of Plaintiffs when Cases are tried together.*

It is competent to prove that a dog has a habit of attacking passing teams, in support of a disputed allegation that he attacked a passing team on a particular occasion.

At the trial together of two actions of tort, brought one by the husband and the other by his wife, to recover damages for injuries occasioned by a dog, there was evidence of admissions made by the husband, but there was no evidence that the wife was present when they were made, or that she had made such admissions herself.  The judge charged the jury that both cases were dependent on one state of facts, and the principles of law applicable to one were applicable to the other, and that, the cases being tried together, the rights of the wife were dependent entirely upon the rights of the husband, and the rights of the husband were dependent upon the rights of the wife; so that if one could prevail the

other could prevail. The plaintiffs' counsel asked the judge to rule that "any admissions which the husband may have made not in the presence of his wife cannot affect her rights to maintain her action unless" they should "find such admissions were true"; and that "his evidence and admissions are to be treated the same as the evidence and admissions of any other witness in the case, so far as her rights are concerned." The judge refused so to rule. *Held*, that the ruling requested was correct, and that the ruling given was erroneous.

Two ACTIONS OF TORT, to recover, under Pub. Sts. c. 102, § 93, double damages for injuries occasioned by a dog. At the trial in the Superior Court, before *Hopkins*, J., the defendant was charged as keeper of the dog, and the plaintiffs contended that the injury occurred because the dog rushed into the highway, frightened their horse, and caused both the plaintiffs, who were husband and wife, and who were riding together, to be thrown from their carriage.

The plaintiffs offered evidence tending to show that the dog had made other attacks upon other teams passing, in a like manner, and stated that the offer was made with a view to showing that the dog had made the attack in question. This evidence was excluded; and the plaintiffs excepted.

The defendant offered evidence tending to show that after the accident the husband said that it happened through the fault of the horse, and that the dog did not make an attack upon the horse, or any demonstration towards him; but there was no evidence that the wife was present when he so said, or that she had made such admissions.

The judge charged the jury that both cases were dependent on one state of facts, and the principles of law applicable to one were applicable to the other, and that, the cases being tried together, the rights of the wife were dependent entirely upon the rights of the husband, and the rights of the husband were likewise dependent upon the rights of the wife; so that if one could prevail the other could prevail.

The plaintiffs' counsel, at the conclusion of the instructions, asked the judge to rule that " any admissions which Mr. Broderick may have made not in the presence of Mrs. Broderick cannot affect her rights to maintain her action unless you find such admissions were true. His evidence and admissions are to be treated the same as the evidence and admissions of any other witness in the case, so far as her rights are concerned."

The judge refused so to rule, and the plaintiffs excepted to so much of the charge as related to the wife's right to maintain her action, and to the refusal of the judge to give the instructions requested.

The jury returned a verdict for the defendant in each case; and the plaintiffs alleged exceptions.

*B. W. Potter,* for the plaintiffs.

*W. S. B. Hopkins,* (*F. B. Smith & W. S. B. Hopkins, Jr.,* with him,) for the defendant.

KNOWLTON, J. A question common to both of these cases is, whether it is competent to prove that a dog has a habit of attacking passing teams, in support of a disputed allegation that he attacked a passing team on a particular occasion.

It is a familiar fact that animals are more likely to act in a certain way at a particular time, if the action is in accordance with their established habit or usual conduct, than if it is not. There is a probability that an animal will act as he is accustomed to act under like circumstances. For this reason, when disputes have arisen in regard to the conduct of an animal, evidence of his habits in that particular has often been received. *Todd* v. *Rowley,* 8 Allen, 51, 58. *Maggi* v. *Cutts,* 123 Mass. 535, 537. *Lynch* v. *Moore,* 154 Mass. 335. These cases fully cover the question now presented. They are authorities not only to the proposition that evidence of habit may be received in such cases, but that habits may be proved by evidence of the frequent observation of particular instances. Of similar import, although somewhat different in the application of the principle, are the later cases of *Bemis* v. *Temple,* 162 Mass. 342, and *Shea* v. *Glendale Elastic Fabrics Co.* 162 Mass. 463. We are of opinion that the evidence should have been admitted.

The other question arises only in the case of the female plaintiff. The liability of the defendant in the two cases depends upon the same facts, and it would seem anomalous that a verdict should be rendered in his favor in one case and against him in the other. But to prove facts relied on by him the admission of the husband was competent in the husband's case, and not in the wife's. If her case was being tried alone, it is clear that her husband's admissions would not be competent. They were not made competent against her by the fact that for convenience

his case was being tried at the same time with hers. It was the duty of the presiding judge to instruct the jury that these admissions might be considered in his case, but not in hers. Sometimes the risk that a party who has made no admissions may be prejudiced by the admissions of another party whose rights or liabilities depend on the same facts, is so great that a court will order separate trials, when otherwise their cases would be tried together. When cases of this kind are tried together the jury should be properly instructed, so that the rules of evidence may be applied for and against each party as if but one case was on trial. The instructions requested upon this part of the case were correct, and the instructions given were erroneous.

*Exceptions sustained.*