## DAVID T. JOHNSTONE *vs.* ALBERT H. TUTTLE.

Middlesex.   March 6, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Animal. Horse. Evidence,* Of habits and disposition of animal. *Practice, Civil,* Curing error in trial.

In an action by a lamplighter for personal injuries alleged to have been caused by the defendant's dog barking and running under and frightening the horse attached to the wagon supporting the foot of the short ladder on which the plaintiff was standing, the top of the ladder being supported by the post of the lamp which the plaintiff was about to fill, by reason of which the horse started suddenly and the plaintiff was thrown to the ground and injured, the defendant introduced evidence tending to show the absence of the dog and his good character as to barking, and then offered to show that before the accident the plaintiff's horse had formed a habit of starting of its own accord in the absence of a dog or other disturbing cause. The evidence thus offered was excluded by the presiding judge on the ground that it was "immaterial and incompetent." *Held,* that the exclusion was error.

In an action by a lamplighter for personal injuries alleged to have been caused by the defendant's dog barking and running under and frightening the horse attached to the wagon supporting the foot of the short ladder on which the plaintiff was standing, the top of the ladder being supported by the post of the lamp which the plaintiff was about to fill, by reason of which the horse started suddenly and the plaintiff was thrown to the ground and injured, where the presiding judge has erred in excluding evidence offered by the defendant to show that before the accident the plaintiff's horse had formed a habit of starting of its own accord in the absence of a dog or other disturbing cause, this error is not cured by the judge afterwards permitting another witness to testify to anything he had seen showing viciousness in the horse or unsafeness in driving, as this permission does not extend to evidence as to the special habit of the horse while standing at a lamp post, which the judge expressly had excluded.

TORT by a street lamplighter for personal injuries incurred on December 28, 1903, by being thrown from a ladder while filling a street lamp on Charles River Road, which forms a part of the park system on the Cambridge side of the Charles River, owing to a dog of the defendant, alleged to have been in the parkway unlawfully, rushing under and frightening the horse attached to the wagon on which the foot of the plaintiff's ladder was resting.   Writ dated December 19, 1904.

In the Superior Court the case was tried before *Bond,* J., who excluded the evidence described in the opinion.   The jury

returned a verdict for the plaintiff in the sum of $300; and the defendant alleged exceptions.

*H. W. Jarvis,* for the defendant.

*H. F. R. Dolan,* (*T. R. Bateman*) with him, for the plaintiff.

RUGG, J.   The plaintiff was a lamplighter and used in his work of lighting and filling street lamps a democrat wagon drawn by one horse, and a short ladder, one end of which rested in the wagon and the other on the support of the lamp he was to fill.   In December, 1903, while on this ladder performing his work, his horse started suddenly and he was thrown to the ground and injured.   For these injuries he sued the defendant in tort, and introduced evidence tending to show that the horse was caused to start by the acts of the defendant's dog in barking and running under the horse.   The defendant produced evidence tending to prove an alibi for the dog and its good character as to barking.   He then offered to show that, before the accident, the plaintiff's horse had formed a habit of starting of its own accord in the absence of a dog or other disturbing cause.   This evidence was excluded, the judge saying that it was " immaterial and incompetent."   The exception to this ruling must be sustained.

One of the issues between the parties was the conduct of the horse on the occasion in question.   It is common experience that dumb animals, when not under the immediate control of caretakers, act from instinct or habit, and are more likely under particular circumstances to follow their usual bent than to start on a new course of conduct.   A reasonably accurate and reliable prophecy as to what a horse will do under given conditions may be premised upon a knowledge of what he ordinarily has done before under similar conditions.   In cases of this sort, evidence as to the habits of the animal in those particulars in dispute usually has been received.   *Lynch* v. *Moore,* 154 Mass. 335. *Bemis* v. *Temple,* 162 Mass. 342.   *Broderick* v. *Higginson,* 169 Mass. 482.   *Palmer* v. *Coyle,* 187 Mass. 136.   Such evidence, in some aspects of the case, might be of signal assistance in the defence.   It might afford a complete explanation of the cause of the injuries received, and its exclusion might leave the jury in the dark on that subject, save as they might believe the statement of interested witnesses.   See *McGinn* v. *Platt,* 177 Mass. 125.   The evidence was not rejected because it was too remote

in time, but on the ground that it was incompetent and immaterial. *Maggi* v. *Cutts*, 123 Mass. 535.

This error was not cured subsequently. When another witness called by the defendant was upon the stand, the judge said that it might be shown, by any acts that the witness had seen, that the horse was unsafe to use upon the road, but that he could not testify " that he has seen him do things that he did not like, but that he had seen enough of him to know that he was not a proper horse to be using on the streets by reason of viciousness or by reason of anything else." This cannot fairly be interpreted to mean a withdrawal of the ruling deliberately made and emphatically expressed during the examination of the previous witness that the habits of the horse as to starting of his own accord could not be shown. It permitted evidence of viciousness or anything showing unsafeness in driving, but in view of what had gone before, did not go to the extent of permitting evidence as to the special habit of the horse while standing at a lamp post.

The other exceptions taken by the defendant have not been argued and are treated as waived.

*Exceptions sustained.*