EMMA L. NOYES *vs.* BOSTON and MAINE RAILROAD.

Worcester.    September 30, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DECOURCY, JJ.

*Evidence,* Remoteness, *Res inter alios.*

At the trial of an action under St. 1906, c. 463, Part II, § 247, for damages resulting from the destruction of a barn of the plaintiff in August of a certain year by fire alleged to have been communicated by a locomotive engine of the defendant, the evidence of the plaintiff was circumstantial and was controverted by evidence of the defendant, and the defendant, in order to show that the fire was set by a son of the plaintiff, offered to prove that at the time of the fire the plaintiff's son was at home, that when a young boy he had had a strong inclination to set fires and had set several, that in the autumn following the burning of the plaintiff's barn several fires occurred within a mile of the plaintiff's barn and that the plaintiff's son at the time such fires were discovered was very near to them, that subsequently he was arrested by a constable to whom he admitted that he had set several of the fires that occurred in the autumn, and that a district court after an examination of him by two physicians ordered his committal to a hospital on the ground that he had a mania for setting fires. The evidence was excluded.

*Held,* that the evidence properly was excluded as too remote and as present-
ing collateral issues; and *also* that the order of the district court was inad-
missible as involving the record of judicial proceedings to which the plaintiff
was not a party.

TORT under St. 1906, c. 463, Part II, § 247, for damages resulting
from the burning on August 12, 1908, of a barn of the plaintiff
in West Boylston alleged to have been caused by fire communi-
cated by a locomotive engine of the defendant. Writ dated
November 20, 1909.

In the Superior Court the case was tried before *Irwin,* J. The
plaintiff introduced evidence, which in its nature was circumstan-
tial and which was controverted by evidence of the defendant,
tending to show that the fire was caused by sparks from a loco-
motive engine of the defendant.

It appeared that a son of the plaintiff was at home on the day of
the fire, and the defendant offered to show that the son was there
at the time of the fire; that when he was a young boy he had had
a strong inclination to set fires, and had set several; that in the
autumn of 1908 several fires occurred within a radius of a mile
from the plaintiff's barn and that the plaintiff's son was very near
the place where such fires took place at the time when they were
discovered; that he was arrested by a constable, and that he ad-
mitted to the constable that he set several of these fires; that the
district court of Clinton ordered an examination of the plaintiff's
son by two physicians, who committed him to a hospital on the
ground that he had a mania for setting fires. The defendant did
not contend that the alleged admission to the constable in any
way referred to the fire mentioned in the declaration.

The evidence was excluded subject to an exception by the de-
fendant.

The jury found for the plaintiff in the sum of $2,436.23; and the
defendant alleged exceptions.

*C. M. Thayer,* for the defendant.

*W. Thayer, (F. A. Walker* with him,) for the plaintiff.

BRALEY, J. The plaintiff seeks under the St. of 1906, c. 463,
Part II, § 247, to recover damages for the destruction of a barn
with its contents, alleged to have been caused by fire directly
communicated by the locomotive engine of the defendant. But
if the loss is unquestioned the parties were at issue as to the origin

of the fire. The defendant could show by relevant testimony, that it originated from other independent causes even if the circumstantial evidence introduced by the plaintiff seems to have been clear and abundant, that the ignition of the roof, from which apparently the fire spread through the building, must have been from sparks emitted by the engine. *Perley* v. *Eastern Railroad,* 98 Mass. 414. The defendant contends, that if its offer of proof had been admitted in evidence the jury would have been warranted in finding the fire had been set by a son of the plaintiff, or at least sufficient doubt would have been raised as to its liability to have overcome the burden of proof. But in the absence of any direct evidence connecting him with the occurrence, the defendant endeavored to show from incidents in his early life, that he had acquired a disposition which had ripened into a habit to set incendiary fires whenever the opportunity offered. A habit of this character is abnormal, and it may be criminal. The defendant was required to satisfy the presiding judge, that the course of conduct on which it sought to predicate the commission of an affirmative wrongful act of the character claimed had become so continuous and systematic that the setting of the fire in question would follow as a reasonable and probable consequence. *Shailer* v. *Bumstead,* 99 Mass. 112. *Thayer* v. *Thayer,* 101 Mass. 111, 113, 114. *Commonwealth* v. *Abbott,* 130 Mass. 472, 473. *Hathaway* v. *Tinkham,* 148 Mass. 85. *Lane* v. *Moore,* 151 Mass. 87, 90. *Edwards* v. *Worcester,* 172 Mass. 104. Wigmore on Evidence, §§ 92, 376. If as a young boy he exhibited a strong inclination to set fires, and while still a youth did in several instances set them, proof of these instances would not raise a reasonable presumption that he had destroyed his mother's property wantonly, even if at the time he is shown to have been living at home. It would not follow from common experience, that because on some occasions in the past he may have done a particular thing in a particular manner, that upon another and different occasion he would act in the same way. *Robinson* v. *Fitchburg & Worcester Railroad,* 7 Gray, 92, 95. *Lewis* v. *Smith,* 107 Mass. 334. *Peverly* v. *Boston,* 136 Mass. 366. It is because of this variability and uncertainty in the manifestations of individual conduct, even where the circumstances may be more or less uniform, that while an employee's general reputation for incompetency in the performance of work for which he has been engaged

is admissible, if the employer knew or by the exercise of reasonable diligence should have known of it, single instances of carelessness are inadmissible. *Cooney* v. *Commonwealth Avenue Street Railway,* 196 Mass. 11, 14, and cases cited. The defendant moreover, if it had been permitted to litigate the likelihood of his conduct by going at large into proof of alleged instances of previous fires, would have presented collateral issues which would have seriously embarrassed and prejudiced the plaintiff, and tended to confuse and mislead the jury. *Emerson* v. *Lowell Gas Light Co.* 3 Allen, 410, 417. *Darling* v. *Stanwood,* 14 Allen, 504, 508. *Hill Manuf. Co.* v. *Providence & New York Steamship Co.* 125 Mass. 292, 303. *Commonwealth* v. *Jackson,* 132 Mass. 16, 20. *Commonwealth* v. *Ryan,* 134 Mass. 223, 224. *Reeve* v. *Dennett,* 145 Mass. 23, 28. *Lane* v. *Moore,* 151 Mass. 87, 90. *Commonwealth* v. *Hudson,* 185 Mass. 402. The subsequent incendiary fires for which the son may have been responsible as well as his admission of having set some of them, were occurrences having no connection with the plaintiff's cause of action. *Commonwealth* v. *Campbell,* 7 Allen, 541. And the further offer that "the district court . . . ordered an examination by two physicians, who committed him to the hospital on the ground that he had a mania for setting fires" must be construed as an offer of the record of judicial proceedings to which she was not a party or a privy. *McDowell* v. *Connecticut Fire Ins. Co.* 164 Mass. 394. We are therefore of opinion that the judge in his discretion properly excluded the offer of proof.

*Exceptions overruled.*