MALLHEM M. KADRA *vs.* MIDDLESEX AND BOSTON STREET RAILWAY COMPANY.

Middlesex.    January 14, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence,* Contributory. *Evidence,* Relevancy and materiality.

At the trial of an action of tort against a street railway company for the loss of a horse caused by injuries received when he was on the highway in the care of the plaintiff's daughter, it is proper to exclude as immaterial evidence tending to show that with the plaintiff's knowledge the horse had been upon the highway unattended a number of times previous to the accident.

TORT for the loss of a horse, alleged to have been caused by injuries received when he was run into by an electric street car of the defendant. Writ dated December 27, 1916.

In the Superior Court, the action was tried before *Raymond,* J. The jury found for the plaintiff in the sum of $342.65; and the defendant alleged exceptions, which, with the evidence essential to their determination, are described in the opinion.

*J. P. Carr,* for the defendant.

*M. C. Nash & H. Hogan,* for the plaintiff, submitted a brief.

CARROLL, J.  The plaintiff's horse was injured by one of the defendant's cars, while upon the highway, between five and six o'clock on the night of October 10, 1916.  There was evidence that the horse had been in a field, and as it was driven into the highway, the plaintiff's daughter said "she would drive him home."  He was walking in the direction of the plaintiff's house, close to the street railway tracks, the daughter following about forty-five feet behind, when the car hit him.

The plaintiff was asked in cross-examination if the horse had not been loose in the highway a great many times that summer. This was excluded.  The defendant offered to show that with the plaintiff's knowledge the horse had been loose a number of times before the accident.  One of the witnesses for the defendant stated that he had seen the horse on the highway, unattended, many times during the summer preceding the accident.  The judge thereupon said to the jury that this testimony and all testimony to the same effect should be disregarded by them, and if the horse was on the highway unattended previous to the time of the accident, that fact had no bearing on the case; to which statement the defendant excepted.  These are the only questions open on this record.

There was no error of law in excluding the testimony offered or in the remarks of the presiding judge.  The jury could have found that the horse when injured was in the care of the plaintiff's daughter.  The evidence that at other times it had been seen unattended upon the highway was immaterial.

The defendant relies on *Leonard* v. *Doherty,* 174 Mass. 565, and *Johnstone* v. *Tuttle,* 196 Mass. 112.  In the former case the plaintiff contended that his horse took fright at a sow and pigs belonging to the defendant, running into the highway from some bushes at the side of the way.  As bearing on the negligence of the defendant in permitting the swine to be at large on the public street, evidence was admitted to show that they had been frequently seen at large outside the defendant's premises previous to the plain-

tiff's injury. It was held that the evidence, limited as it was by the instructions of the court, was admissible. In that case the important question was the negligence of the defendant in failing to keep the swine safely enclosed; and as tending to show that proper care was not taken, and that they did not escape by pure accident, without the defendant's fault, the evidence was admissible. In the case at bar, the conduct of the plaintiff in caring for his horse at the time of the accident, and not his conduct at another time, was the question before the jury. In *Johnstone* v. *Tuttle*, the plaintiff, while at work on a street lamp, was standing on a ladder, one end of which rested on his wagon; his horse started because frightened by the defendant's dog. The defendant contended that the horse had a habit of starting and that this was the cause of the plaintiff's injury. To prove that the cause was not the defendant's fault, as claimed by the plaintiff, it was proper to show the habit of the horse, and the evidence tending to establish this was held admissible. That case is not applicable to the case at bar, where the issue involved was the care of the plaintiff at the time of the accident, — not the habit or disposition of the horse.

The plaintiff admitted that at the close of his day's work he took the harness from the horse and turned it into a field and that, the last he saw of the horse, it "went into the highway" and "out of his sight." In view of this testimony, even if the evidence of the plaintiff's daughter were not believed, it was of no material importance that at other times the horse was seen at large on the highway, and there was no reversible error in excluding the evidence.

*Exceptions overruled.*