WM. BELEW, Respondent, v. JOHN J. HATTEN, Appellant.

Springfield Court of Appeals, December 5, 1921.

1   ANIMALS: Evidence of Other Acts Competent on Issue of Identity of Dog Killing Sheep. In an action under Revised Statutes 1919, section 4351, for the value of sheep killed by a dog, evidence that shortly before and after the killing defendant's dog was seen chasing sheep, and was seen killing a sheep five or six days before plaintiff's sheep were killed, is competent on the issue of the dog's identity.

2.   TRIAL: Evidence as to Dog's Having been Seen in Neighborhood of Sheep Killing Held Admissible in Chief. In an action under Revised Statutes 1919, section 4351, for the value of sheep killed by a dog, where defendant's counsel in his opening statement made alibi a defense, admission in chief of plaintiff's evidence that the dog was often seen, in the neighborhood near plaintiff's farm sometimes chasing sheep, was not error, though anticipating de-fendant's evidence that dog was kept in cellar.

Appeal from Circuit Court of Dent County.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Wm. P. Elmer* for appellant.

(1)   Similar transactions and acts are not admissible to prove the act charged.   Calceterra v. Iovaldi, 123a, 347, 100 S. W. 675; 11 Enc. of Evidence, page 770; East Kingston v. Towle, 97 Am. Sec. 575, 2 Am. Rep. 174; Watson v. City of Columbia, 77a, 267; Hale v. Van Diver, 67 Mo. 732; 1 A. L. R., page 1124 (b) evidence; Keybolte v. Buffon, 105 N. E. 192.   (2)   Evidence of previous character of dog and previous specific acts of sheep killing not admissible to prove the issue in another case. 2 A. & E. Enc. Law (2 Ed.), page 375, note; Kleybolte v. Buffon, 105 N. E., 192.   (3)   Cross-examination of witnesses on matters objected to does not waive the objection.   Hydraulic Press Brick Co. v. Green, 177a 308; Hydraulic Press Brick Co. v. Green, 164 S. W. 250. (4)   A party, by offering evidence on an issue submitted over objection, does not waive the objection.   Donnell v. Wrigt, 147 Mo. 639.   (5)   Rebutting illegal evidence does not preclude the error.   Davenport v. Silvey, 178 S. W. 168; Davenport v. Silvey, 265 Mo. 543.

*John M. Stephens* for respondent.

(1)   Under the common law it was necessary to prove *scienter* and the statute simply enabled plaintiff to make his case without such proof.   It did not take away his right to offer such proof if he wanted to do so. Jacobs-Meyer v. Poggemoeller, 47 Mo. App. 561; Holmes v. Murray, 207 Mo. 413.   (2)   The facts that live sparks were thrown from engines, and did ignite grass, and other combustible materials, would tend to prove the probability that the fire was communicated from an engine.''   Campbell v. Mo. Pac. Ry. Co., 121 Mo. 340; Hudspeth v. St. Louis & S. F. R. Co., 172 M. A. P. 579. For the same reason assigned in those cases the evidence objected to in this case was also admissible.   (3)   ''A question common to both of these cases is whether it is

competent to prove that a dog has a habit of attacking passing teams, in support of a disputed allegation that he attacked a passing team on a particular occasion. It is a familiar fact that animals are more likely to act in a certain way at a particular time if the action is in accordance with their established habit or usual conduct than if it is not. There is a probability that an animal will act as he is accustomed to act under like circumstances. For this reason when disputes have arisen in regard to the conduct of an animal evidence of his habits in that particular has often been received. Todd v. Rowley, 8 Allen, 57; Maggi v. Cutts, 123 Mass. 537; Lynch v. Moore, 154 Mass. 335, 28 N. E. 277. These cases fully cover the question now presented. They are authorities, not only to the proposition that evidence of habit may be received in such cases, but that habits may be proved by evidence of the frequent observation of particular instances. We are of the opinion that the evidence should have been admitted."

FARRINGTON J.—This suit is based on section 4351 Revised Statutes of Missouri of 1919, and was instituted by the plaintiff before a justice of the peace for the recovery of the value of five sheep which he charged were killed by the defendant's dog, called in the record "Old Starter." In the trial before the circuit court the jury found for the plaintiff and a judgment was awarded, from which defendant brings this appeal.

There is but one error assigned in the record before us, which concerns the admissibility of certain testimony which was admitted by the trial court. Without going into detail as to the killing of the sheep, it is sufficient to say that there is evidence which would support a finding that defendant's dog killed the plaintiff's sheep. On the other hand there is evidence from which a jury could find that it was not the defendant's dog that killed plaintiff's sheep. The whole issue in the case was fought around the identity of the dog.

It is stated in the brief of respondent, and not denied by appellant, that in the opening statement to the

jury the attorneys for the defendant stated that they
would show an *alibi* for defendant's dog at the time and
on the occasion he is charged with having killed plain-
tiff's sheep. As we have said before, the issue was entire-
ly as to the identity of the dog, the plaintiff testifying
that it was defendant's dog that killed his sheep, de-
scribing the dog as to its color, marks and breed, the de-
fendant's testimony tending to show that it was not his
dog and was to the effect that at the very time that
plaintiff is supposed to have seen defendant's dog out
at his (plaintiff's) farm he was in fact in defendant's
cellar locked up.

With this issue of identity in mind, we will examine
the testimony complained of by appellant. The plaintiff
offered evidence, which was received by the court, to the
effect that shortly before and after the date on which his
sheep were killed the defendant's dog was seen out in
that neighborhood, sometimes chasing sheep, at other
times out there chasing rabbits, and one witness testifies
that he saw him kill a sheep some five or six days before
the plaintiff's sheep were killed.    Appellant contends
that these transactions testified to are not admissible to
prove the act charged.   Ordinarily evidence of similar
transactions and acts are inadmissible to prove an ac
which is charged, but we hold that it was not error to ad-
mit the evidence in this case, and that because where the
question of the identity of the dog came in issue, evidence
of his color, of his breed and such evidenc as that which
tends to mark and identify him, of course, is competent.

Now, the dog that killed plaintiff's sheep un-
doubtedly had a propensity in that direction, and proof
that defendant's dog had such a propensity was merely
one other bit of evidence which could be considered in
identifying him with the dog charged with the killing.

There are no cases in Missouri that we have found
which hold squarely on this proposition. We find, how-
ever, that the weight of authority would permit the in-
troduction of this testimony. Under the subject of Ani-
mals, 3 Corpus Juris, page 115, as to identity of animals,

the text is: "To establish the identity of the animal caus-
ing the injury, evidence that the animal complained of
had been guilty of similar acts before is competent,"
citing Broderick v. Higginson, 169 Mass. 482, 48 N. E.
269; Rumbaugh v. McCormick, 80 Ohio State, 211, 88 N.
E. 410, where the court said, concerning this question:
"It tended to prove that this particular canine was
viciously disposed towards the neighbor's sheep, and had
a propensity to chase, worry and kill them. Such a dis-
position in an animal moved by instinct and not by rea-
son may be shown in corroboration of direct testimony
where there is conflict as to his identity." [See, also,
Jones on Evidence, Vol. 1, sec. 165.]

The only case squarely on this question opposed to
this view is that of East Kingston v. Towle, 48 New
Hampshire, 57, 97 Amer. Dec. 575. With reference to
this latter case, we will state that Wigmore on Evidence,
Vol. 1, sec. 201, in a note, calls attention to this case and
remarks that the ruling would probably not be followed
in that jurisdiction today. Another case that would seem
to hold with the appellant is that of Kleybolte v. Buffon,
105 N. E. 192 (Supreme Court of Ohio); however, the
court was considering there the question of punitive dam-
ages, and what was said there related to the question of
*scienter* and punitive damages.

We are cited by appellant to the case of Hale v. Van
Dever, 67 Mo. 732. In that case the issue was only one
of knowledge of a vicious dog, and proof that defendant's
dog was seen worrying stock after plaintiff's hogs were
killed, and that another dog which had belonged to de-
fendant had killed stock, clearly, as the court said, had
no tendency to show that the defendant knew that his dog
had bad habits. The other Missouri cases cited by ap-
pellant do not bear on the question.

In the case of Calcaterra v. Iovaldi, 123 Mo. 347, 100
S. W. 675, cited by appellant, Judge GOODE very reluctant-
ly holds that evidence of a habit or custom to throw bar-
rels out of a second story window was incompetent to
prove a negligent act charged in that case. We do find,

however, that in the case of Golden v. Railway, 84 Mo. App. 59, where the issue was raised that where a given object on a highway side is calculated to frighten horses, evidence that it had frightened other horses than those involved in the case on trial is admissible just as in a fire case evidence that the engine in question had set out other fires on the same trip is permitted, and in fact the ruling in this State on the setting out of fires by railroad locomotives and admission of evidence of sparks being thrown and setting fires on occasions other than the one in question seem entirely analogous to the question here in hand. [Campbell v. Railway, 121 Mo. 340, 25 S. W. 936; Hudspeth v. Railroad, 172 Mo. App. 579, 155 S. W. 868.]

The admission of this evidence in this particular case certainly would not be reversible error because the defendant invited the controversy in that field in his testimony when he said that "we always keep the dog locked in the cellar." After that testimony had gone in, certainly the plaintiff would have had a right on rebuttal to show that the dog was not always in the cellar at that time of day, but was seen on numerous occasions in the neighborhood near plaintiff's farm, sometimes chasing sheep, and the mere fact that plaintiff anticipated such defense from appellant's statement to the jury that an *alibi* would be proven, would not render the admission of such testimony, when put in by plaintiff in chief, reversible error. The judgment is affirmed. *Cox, P. J.*, and *Bradley*, J. concur.