JOSEPH MITCHELL *vs.* CENTRAL VERMONT RAILWAY COMPANY.

Hampshire.   September 20, 1927.   October 13, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Railroad: unreasonable sounding of whistle; Contributory. *Evidence,* Competency, Of character.   *Railroad.   Animal.   Horse.*

Evidence, at the trial of an action of tort against a railroad corporation for personal injuries suffered when safe and gentle horses of the plaintiff, which he had driven to the defendant's yard with a load of ties for the defendant, were frightened and caused to run away by reason of excessively shrill and long blasts of the whistle of an engine which had been driven to within thirty or forty feet of the plaintiff by an engineer and fireman who had looked at the plaintiff before the whistle was sounded, was *held* to warrant findings that the plaintiff was not guilty of contributory negligence and that the defendant's employees were negligent.

While the engineer of a locomotive engine of a railroad corporation about to approach a grade crossing of a railroad with a way is under a duty to give the signals required by G. L. c. 160, § 138, and the corporation has a right to establish and give such other signals as are reasonable and proper in the operation of the railroad and is under no liability for damage resulting from a reasonable giving of such signals, if signals are given in an unreasonable manner and in excessively long and shrill blasts of a whistle, they may be found to have been given negligently, and the corporation may be held liable for damage thus caused.

At the trial above described, evidence was admissible to show the disposition and character of the horses both before and after the injury to the plaintiff; and the mere fact, that witnesses to such facts had not observed the horses under the same conditions as those which existed at the time the plaintiff was injured, did not render such evidence incompetent.

TORT for personal injuries. Writ dated February 14, 1925.

In the Superior Court, the action was tried before *Lummus*, J. Material evidence and exceptions saved by the defendant are stated in the opinion. There was a verdict for the plaintiff in the sum of $3,000. The defendant alleged exceptions.

The case was submitted on briefs.

*W. G. Brownson & J. F. Jennings*, for the defendant.

*T. R. Hickey*, for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries, received by the plaintiff by being thrown from a load of railroad ties when his team of horses became frightened, and ran away, at the alleged negligent blowing of a whistle by the defendant's servants on one of its locomotive engines.

The accident occurred in the freight yard of the defendant in Amherst. The plaintiff and his brother were engaged in delivering railroad ties to the defendant. Each with a team of horses drove into the yard, and while both were on the plaintiff's wagon unloading the ties an engine came to a stop within thirty or forty feet from them. As it approached, the horses became restive and showed signs of being frightened. There was evidence tending to show that an engineer and fireman were on the engine, and that they saw the plaintiff and his horses; that when the engine came to a stop nearly opposite the horses, the plaintiff was on top of the load holding the reins; that the engineer then blew the whistle three times; that when the first was blown, the horses became more frightened, but were under the plaintiff's control; that two sharp, shrill and excessively long whistles followed and the horses became unmanageable and ran away, throwing the plaintiff from the load and causing the injuries complained of. There was further evidence tending to show that the second and third whistles were unnecessarily loud and prolonged, the last continuing for a minute.

The evidence showed that this train did not run on any schedule, but was running as an extra; that it arrived at the Amherst station that day at 11:50 in the morning and after

some switching in the yard came to a stop at 1:35 in the afternoon and remained stationary on the track until 4:15 when the whistle was sounded which frightened the plaintiff's horses.  It could not properly have been ruled that the plaintiff was guilty of contributory negligence.  That was a question for the jury with the burden of proof resting on the defendant.  The plaintiff was where he had a right to be and was engaged in the work he had been employed to do.  There was also evidence that his horses were safe and gentle.

As it could have been found that the engineer and fireman were in the cab looking at the plaintiff before the whistle was sounded, and saw or could have seen the frightened condition of the horses and that they were likely to run away and injure the plaintiff, it could also have been found that to sound the whistle in a manner unnecessarily and unusually loud and prolonged was a negligent act.  It follows that it could not have been ruled that there was no evidence of negligence on the part of the defendant's servants.

If the engineer was about to approach a grade crossing, it was his duty to give the statutory signals.  G. L. c. 160, § 138.  The defendant had the right to establish and give such other signals as were reasonable and proper in the operation of its road, and if damage resulted therefrom there would be no liability.  It does not follow, however, that such signals may be given in an unreasonable and negligent manner.  If the train was to pass over a grade crossing, the engineer was not bound to blow the whistle at the time when the plaintiff's horses became frightened and ran away.  It was a question for the jury whether or not the manner in which the signals were given was negligence on the part of the engineer.  *Benjamin* v. *Holyoke Street Railway*, 160 Mass. 3.  *Ellis* v. *Lynn & Boston Railroad*, 160 Mass. 341. *Flynn* v. *Boston & Albany Railroad*, 169 Mass. 305.  *Fritts* v. *New York & New England Railroad*, 62 Conn. 503.  *Hill* v. *Portland & Rochester Railroad*, 55 Maine, 438.  *Williams* v. *Chicago, Burlington & Quincy Railway*, 78 Neb. 695.

There was evidence tending to show that the plaintiff's horses were safe, quiet and gentle.  The weight to be given to this evidence was for the jury.  The testimony of certain

witnesses, called by the plaintiff, that the horses were safe and gentle was not incompetent because they had not been observed under the same conditions which existed at the time the plaintiff was injured. *Bemis* v. *Temple,* 162 Mass. 342. *Broderick* v. *Higginson,* 169 Mass. 482. *Darling* v. *Westmoreland,* 52 N. H. 401. *Brown* v. *Eastern & Midlands Railway,* 22 Q. B. D. 391, 393. Evidence was admissible tending to show the disposition and character of the horses both before and after the time the plaintiff was injured. *Todd* v. *Rowley,* 8 Allen, 51. *Maggi* v. *Cutts,* 123 Mass. 535. *Broderick* v. *Higginson, supra. Palmer* v. *Coyle,* 187 Mass. 136. *Johnstone* v. *Tuttle,* 196 Mass. 112.

It is plain that the defendant's motion for a directed verdict could not properly have been given. The exceptions to the admission of evidence respecting the character and disposition of the horses cannot be sustained. We have examined the other exceptions to the admission of evidence and find no error in respect to the rulings thereon or in the refusal of the judge to give the instructions requested by the defendant. The charge of the presiding judge, to which no exception was taken, fully and correctly dealt with the questions of law presented.

*Exceptions overruled.*