JEANNIE BROWNHILL *vs.* MAUDE KIVLIN, administratrix.

Hampden.    September 21, 1944. — October 25, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Fire. Negligence,* Fire. *Proximate Cause. Evidence,* Opinion: expert; Matter of conjecture; Relevancy and materiality.

Opinion testimony by an expert in direct examination that the cause of a fire in a garage was "careless smoking," followed by his testimony in cross-examination that "there was nothing . . . found . . . to indicate that cigarettes started the fire," that "you couldn't prove anything," and that "you couldn't prove what started the fire," amounted only to a conjecture and had no probative effect.

Evidence merely that an occupant of a garage, two hours before it was

discovered to be on fire in the night, had been observed seated in the back of an automobile therein, and that a "haze," described as "cigarette smoke," had also been seen, did not warrant a finding that the fire was caused by negligence of the occupant.

After a witness had testified that, two hours before a fire in a garage in August was discovered, he had observed a tenant of the garage seated in the back seat of an automobile therein and had also seen a "haze," which he described as "cigarette smoke," further evidence on the issue of the cause of that fire, that on an occasion in the previous May the tenant had caused a fire in his automobile by dropping cigarettes, and on two other occasions in the previous October had so caused fires in other places, properly was excluded.

TORT. Writ in the Superior Court dated March 26, 1941.

The case was tried before *Leary,* J.

In this court the case was submitted on briefs.

*R. P. Walsh,* for the plaintiff.

*P. G. Gearan & W. A. McBride,* for the defendant.

WILKINS, J. This is an action of tort for negligently burning the plaintiff's garage. The jury returned a verdict for the plaintiff, and the judge under leave reserved entered a verdict for the defendant. The plaintiff excepted.

The evidence was all by witnesses for the plaintiff. The plaintiff's son testified that about 1 A.M. August 15, 1940, he arrived at his house, 33 Pasadena Street, Springfield. Immediately adjacent was a two car garage, one side of which was rented by Ralph T. Holden, the defendant's intestate. The witness observed that the doors of that side of the garage were open, and that the defendant's intestate was seated in the rear seat of his automobile with the dome light on, the engine not running, the automobile doors open, and the radio on. The witness, aided by the dome light, also observed a "haze," which he described as "cigarette smoke." He next saw the garage, which contained no electric wiring, about 3 A.M. when it was enveloped in flames. The district fire chief testified that he arrived at the scene about 3 A.M. at which time the garage was a mass of flames; that thereafter the burning automobile of the defendant's intestate was removed from the garage; that the latter's badly burned body was in the rear seat; and that the damage to the automobile was largely confined to the rear in-

terior portion and to the rear seat. It was agreed that the medical certificate gave the cause of death as "suffocation and partial cremation." The district fire chief, of unquestioned expert qualifications, was asked on direct examination if he had an opinion as to the cause of the fire. Answering in the affirmative he was asked what was that opinion, to which he answered without objection, "Careless smoking." On cross-examination he testified: Q. "There was nothing in this particular garage or that you found in the examination of this car to indicate that cigarettes started the fire?" A. "No; you couldn't prove that . . . the interior of the car was so badly damaged you couldn't prove anything. You couldn't prove what started the fire." Q. "In other words you cannot state definitely what started that particular fire?" A. "No; you could not, no." On redirect examination he testified: Q. "Did you form any opinion as to whether or not the fire started in the rear of the car?" A. "Oh, we were positive the fire started in the car, in the rear of the car, yes."

The entry of the verdict for the defendant was right. The so called opinion of the district fire chief that careless smoking was the cause of the fire is revealed by the cross-examination to have been no real opinion at all, and so to be unlike the testimony of the fire chief in *Gechijian* v. *Richmond Ins. Co.* 305 Mass. 132, 142. Being merely a guess or speculation as to a fact later testified by him to be incapable of proof, this expression of conjecture must be put out of the case. See *Ruschetti's Case,* 299 Mass. 426, 431; *Callaghan* v. *R. H. White Co.* 303 Mass. 413, 416. Without it there is no evidence that any act, negligent or otherwise, of the deceased caused the fire. The presence of the deceased, even though he was smoking and alone, at 1 A.M. in the back of the automobile, where the fire started, is not enough from which to infer that he had acted negligently. *Little* v. *Lynn & Marblehead Real Estate Co.* 301 Mass. 156, 159, and cases cited. In short, the evidence does not show that the fire resulted from negligence for which the deceased was responsible rather than from a cause for which he was not. *Walker* v. *Benz Kid Co.* 279 Mass. 533,

537–538.  *Brown* v. *Bangs,* 306 Mass. 551, 552.  *Howe* v. *Boston,* 311 Mass. 278, 280.  *O'Keefe* v. *William J. Barry Co.* 311 Mass. 517, 519.

A question of evidence remains.  The plaintiff offered to show through a captain of the fire department that in May, 1940, the deceased while sitting in his automobile caused a fire by dropping a cigarette on the seat; that in October, 1939, while lying in bed the deceased fell asleep, dropping a cigarette and burning a mattress; and that in the same month he fell asleep in an arm chair, dropping a cigarette and burning the arm of the chair.  This was excluded subject to the plaintiff's exception.  This was not error.  The exclusion of evidence of this kind has been upheld in numerous cases.  *Robinson* v. *Fitchburg & Worcester Railroad,* 7 Gray, 92, 95–96.  *Maguire* v. *Middlesex Railroad,* 115 Mass. 239, 240–241.  *Whitney* v. *Gross,* 140 Mass. 232, 233.  *Hatt* v. *Nay,* 144 Mass. 186.  *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 388.  *Kennedy* v. *Spring,* 160 Mass. 203, 205.  *Connors* v. *Morton,* 160 Mass. 333, 334–335.  *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269, 274.  *Grebenstein* v. *Stone & Webster Engineering Corp.* 205 Mass. 431, 438.  *Kadra* v. *Middlesex & Boston Street Railway,* 235 Mass. 176, 178.  *Warren* v. *Hanson,* 290 Mass. 286, 289.  Wigmore on Evidence (3d ed.) § 199.  See *Noyes* v. *Boston & Maine Railroad,* 213 Mass. 9, 11; *Robitaille* v. *Netoco Community Theatre of North Attleboro, Inc.* 305 Mass. 265.  The cases relied upon by the plaintiff are all distinguishable for one reason or another.

*Exceptions overruled.*