GEORGE N. HAYECK vs. ROBERT J. RAYMOND, Junior, &
another.

Worcester. September 23, 1958. — November 18, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Evidence,* Of ownership, Exclusion of evidence offered without limitation.
*Motor Vehicle,* Ownership.

Evidence merely that the son of one in whose name an automobile was
registered purchased equipment for it and did not have to get his
parent's permission to use it would not have warranted a finding that
the son had title to the automobile. [117]

At the trial of an action against a father and his son for personal injuries
sustained by the plaintiff in a collision involving an automobile oper-
ated by the son and alleged to have been illegally registered in the
name of the father, the judge properly excluded a question to the son
designed to elicit an admission that he was a part owner of the auto-
mobile where the question was not limited to the case against him.
[117–118]

TORT. Writ in the Central District Court of Worcester
dated November 26, 1956.

Upon removal to the Superior Court, the action was tried
before *McCooey,* J., a District Court judge sitting under
statutory authority.

*Marvin K. Rasnick,* for the plaintiff.

*Stanley B. Milton,* for the defendants.

WILLIAMS, J. This is an action of tort to recover for per-
sonal injuries received in a collision of automobiles. There
are two defendants, Robert J. Raymond and his son Robert
J. Raymond, Junior. In counts 1 and 3 of the plaintiff's
declaration they are charged respectively with negligent
operation of an automobile and in counts 2 and 4 with
operating an automobile illegally registered. The jury
returned a verdict for each defendant on counts 1 and 3 and
the judge directed a verdict for each defendant on counts 2

and 4.  The plaintiff has excepted to the direction of the verdicts and to the exclusion of certain evidence.  The bill of exceptions contains no description of the collision other than that it occurred on March 8, 1956, at the intersection of Southbridge Street and Hope Avenue in Worcester, that the plaintiff was riding in one automobile, and that Robert J. Raymond, Junior, was operating the other.

Raymond, Junior, was called as a witness by the plaintiff and testified that he was operating an automobile belonging to his father and registered in his father's name; that his father purchased it eight years before but used it only occasionally; that he (the witness) used it on many occasions; and that he bought snow tires for it.  Questions by the plaintiff's counsel as to how much he paid for the tires, and whether or not he bought any other parts or equipment for the automobile were excluded on objection as were the following: "Did you ever have to ask permission to use that car?"  "Did you have to ask permission on the evening of March 8th to take the car?"  and "Weren't you really a part owner of that car?"

To the exclusion of these questions the plaintiff excepted. He was seeking to prove that Raymond, Junior, owned or partly owned the automobile.  Without more, and there is no other evidence recited in the bill, evidence of his purchase of equipment for the automobile and that he did not have to get permission to use it would not warrant a finding that he had title to it.  The exclusion of the first four questions did not constitute reversible error.

As to the fifth question relating to part ownership, it is to be noted that there were two defendants both of whom were charged with the operation of an automobile improperly registered in the name of Raymond, Senior.  If, under the rule of *Shufelt* v. *McCartin*, 235 Mass. 122, the automobile would be illegally registered if there were part ownership in the son, an admission of such ownership by the son was not evidence admissible against the father.  See *Pope* v. *Devereux*, 5 Gray, 409, 413; *Broderick* v. *Higginson*, 169 Mass. 482.  In the absence of any expressed limitation of

the question by the plaintiff to the case against the son, the question was properly excluded. *Palm* v. *Kulesza*, 333 Mass. 461, 463.

*Exceptions overruled.*