MORRIS COUNTY COURT OF QUARTER SESSIONS.

THE STATE

*v.*

SIMON LOWENTHAL, defendant.

[Decided December 29th, 1923.]

**Search Warrants—Jurisdiction up to Time of Indictment, Inquiry Into Legality is Committed to "the Magistrate" Taking the Initiative—Whether Before Indictment a Direct Review is Provided by Law not Decided—Court of Quarter Sessions ʰas no Jurisdiction Before Indictment.**

On rule to show cause why a search warrant issued by the recorder of Rockaway borough should not be quashed and certain seized property returned.

Before Justice PARKER and Judge. C. FRANKLIN WILSON.

*Mr. Elmer King* and *John M. Mills,* for the defendant.

*Mr. James H. Bolitho* (prosecutor of the pleas), for the state.

The opinion of the court was delivered by

PARKER, J.

The search warrant was issued under the provisions of the Prohibition Enforcement act, commonly called the Hobart act.  *P. L. 1922 p. 615.*  By virtue of the warrant certain bottles of intoxicating liquor were seized and returned with inventory, and defendant was also arrested and gave bail to appear before this court at a stated day.  No indictment has been found and the grand jury is not expected to reconvene during the present term.  Defendant, therefore, is in

the position of any other person accused by a formal complaint and held over to await the action of the grand jury. But as his property has been seized, as he claims unlawfully, he applies to this court to overrule the action of the recorder by quashing the writ and ordering a return of the property. Depositions have been taken under the rule in attack on and support of the propriety of issuing the warrant. At the outset, however, the prosecutor makes the point that this court is without jurisdiction of the subject-matter at this stage, and, after consideration, we are impelled to that conclusion.

The original jurisdiction to entertain and act on complaints in this class of cases is by the statute committed to a class of officers therein denominated "magistrates" described in section 9 as any one of the following:

A justice of the supreme court;

A judge of the common pleas;

A supreme court commissioner;

A judge of a city criminal court;

A police justice or recorder of any municipality;

But not a justice of the peace.

And the extent of jurisdiction of the magistrate is, by the same section, distinctly prescribed as follows:

"The 'magistrate' shall be the official charged with the taking of any complaint, the issuing of any warrant or search warrant hereunder, the hearing upon the return of any warrant or search warrant so as aforesaid issued, the admission to bail, the commitment of a person so charged in default of bail, the detention, return or disposal of any property seized by virtue of any search warrant issued hereunder or the performance of any judicial act prior to the indictment of a violator hereof."

This language, especially that relating to the detention, return or disposal of property seized, seems to indicate quite plainly that any inquiry touching the legality of the seizure is to be held, at least in the first instance, before the "magistrate" to whom is committed the performance of any judicial act prior to the indictment. But if there could be any doubt about this, it is settled by later sections of the act. Section 18 carefully prescribes the procedure to be had before

a warrant can issue; section 23 requires its return within ten days; section 24 provides for a receipt to the owner; section 25 for an inventory and delivery of a copy thereof to the owner, and sections 26 and 27 for the procedure before the magistrate in case of challenge of the warrant.

Section 26:

"If the ground on which the warrants were issued be controverted the magistrate must proceed to take tesimony in relation thereto and the testimony of each witness must be reduced to writing and subscribed by him."

Section 27:

"If, on the return day of any search warrant, it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause the property to be returned to the person from whom it was taken," &c.

We can read no other intent in this language than that, up to the finding of an indictment at least, the jurisdiction to inquire into the legality of a search warrant is committed to "the magistrate." It is suggested that any other person embraced in the statutory catalogue of "magistrates" may make such inquiry, i. e., that the legality of a search warrant issued by a recorder may be tested by a justice of the supreme court; but a reading of the various sections taken together will satisfy the mind that the magistrate taking the initiative continues in charge; and if a justice of the supreme court may thus review the issue of a search warrant by a recorder, with equal propriety, so far as the statutory language is concerned, may a recorder review a warrant ordered by a justice of the supreme court. And such examination by the original magistrate on the return of the warrant is no new thing, but the practice that existed at common law.

In *Farrow* v. *Springer, 57 N. J. Law* (at *p. 354*), the supreme court, relying on *Hale P. C.,* said: "Upon its return the magistrate is to examine the matter; if it appears the goods were not stolen, the person in whose custody they were found is to be discharged and the goods redelivered." As to

the suggestion that this court has jurisdiction of this application under the general powers conferred upon it by the Criminal Procedure act, the answer is that the Hobart act, as a later statute, is controlling on the question now before us.

On this phase of the case, the conclusion we reach is that while the justice of the supreme court and the judge of the common pleas, who happen to be sitting in the sessions on this rule, are both "magistrates" under the statute, neither *qua* "magistrate" is entitled to review the propriety of the issue of this warrant or the seizure of the property, nor is the court of quarter sessions, as a court, in control of the case at this stage for any such purpose.

It was suggested that *certiorari* might lie; and while this court has no controlling voice on that question and does not undertake to decide it now, it may not be out of place to note again *Farrow* v. *Springer, 57 N. J. Law 353,* where it is flatly held that *certiorari* will not lie in a stolen goods case. It seems to have been similarly held in Massachusetts, perhaps on slightly different grounds. *Lynch* v. *Crosby, 134 Mass. 313.* Otherwise, apparently, in Canada, *Rex* v. *Kehr, 11 Ont. L. 517; 5 Ann. Cas. 612.* See, also, *24 R. C. L. 711 note 16.* The civil remedy is, of course, in an action of trespass for property. *35 Cyc. 1274; Lane* v. *Pennsylvania Railroad Co., 78 N. J. Law 672,* and under section 30 of the act, certain unlawful acts in making a seizure are criminal. In a case where indictment had been found and the property had been seized without warrant, the Middlesex oyer ordered it returned. *State* v. *Condon, 40 N. J. L. J. 293.* But in at least two aspects that case is not in point. There is no indictment; and there is a warrant.

We are clear that investigation into the propriety of this seizure must be held, at least in the first instance, by the magistrate that issued the warrant. Whether, in case of an adverse decision by him, a direct review is provided by law, and if so, what that method of review is, are questions which we should not attempt to decide at this time.

The result is that the present rule to show cause must be discharged.