STATE OF NEW JERSEY, GEORGE S. HOBART, ASSISTANT ATTORNEY-GENERAL, PROSECUTOR, v. THE COURT OF THE FIRST CRIMINAL JUDICIAL DISTRICT OF THE COUNTY OF BERGEN, DEFENDANT.

Submitted May 15, 1931—Decided May 18, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *George S. Hobart.*

For the defendant, *Chandless, Weller & Selser.*

PER CURIAM.

This writ of *certiorari* brings up for review an order of the First Criminal Judicial District Court of Bergen county suppressing as evidence and directing the return of certain liquors seized under a search warrant. The search warrant was issued on January 30th, 1931, by an acting judge of said court and charged that on December 22d, 1931 (*sic* 1930), John Doe did sell liquor to one Sparks on the premises described. Motion was made by one Enoch Carlson to suppress the evidence and return the property under sections 26 and 27 of the Prohibition Enforcement act (*Pamph. L.* 1922, *p.* 615), and also under the constitutional provision respecting unreasonable search and seizure. The judge sitting in said court granted the motion on the ground that there was no reasonable cause for believing the existence of the grounds on which the warrant was issued, and directed the return of the property to Carlson and that its use as evidence against Carlson be suppressed. The deputy attorney-general prosecutes this writ.

The first point argued for reversal is that the judge who made the order was without authority to do so. It appears that Charles J. McCarthy was judge of the First Criminal Judicial District Court for the county of Bergen; that he requested in writing one J. Wallace Leyden, judge of the Second Criminal Judicial District Court for the county of Bergen, to act for him on the 30th day of January, 1931, and that said Leyden did so act; that said acting judge issued the search warrant in this case, under which certain property was seized; that Judge McCarthy requested one Dominick Marconi to sit in said court for said McCarthy on February 5th, 1931, as acting judge of said First Criminal Court; that notice being given of a motion to suppress the evidence and return the property taken under the warrant issued by Judge Leyden, Judge Marconi proceeded to hear said matter and made the order under review. Judge Marconi is judge of the Traffic Court of the county of Bergen.

We are of opinion that Judge Marconi was without authority to hear and dispose of the matter and that the order made by him must be set aside.

By chapter 204 (*Pamph. L.* 1926, *p.* 337), criminal judicial districts in counties of this state are created and criminal courts established therein. By section 11 it is provided that it "shall be lawful for the judge of any such criminal court within any other criminal judicial district, and any duly qualified recorder, justice of the peace, or judge of any criminal court without the county at the request of the judge of such court may sit in the place and stead of such judge of said court and the said magistrate or justice of the peace sitting shall have the same power and authority as the judge of the said court."

The Bergen County Traffic Court was created by chapter 71 of the laws of 1930, page 300. The jurisdiction of that court is limited to the trial of persons charged with violations of laws, ordinances and regulations affecting the use of motor vehicles or regulating traffic, and also of alleged disorderly persons where the acts complained of occur upon the highway. Such violations do not constitute crimes. *Huff*

v. *Goddard Coal and Supply Co.*, 106 *N. J. L.* 19; 148 *Atl. Rep.* 175. The magistrate presiding in such traffic court has all the authority of a committing judge or magistrate as provided in the Crimes act. The act further provides that any attorney-at-law resident in the county or the clerk of said court, when requested by the magistrate, may sit in the place of the magistrate and execute all of the powers of said magistrate. It is apparent that such traffic court is not a court of criminal jurisdiction but one that is expressly limited to the trial of cases involving violations of traffic regulations and of disorders upon the highway. The power to commit or hold to bail does not create a criminal court. A criminal court is one where criminal cases are tried and determined, and not one where civil cases are tried or one where persons charged with criminal offenses are held for action by proper authority. It follows that the magistrate of a traffic court is not the judge of a criminal court within the meaning of section 11 of the act of 1926.

The prosecutor urges that the hearing provided in sections 26 and 27 of the act of 1922 must be held by the same magistrate who issued the warrant and cites *State* v. *Lowenthal*, 2 *N. J. Mis. R.* 18; 140 *Atl. Rep.* 586. In view of our conclusions upon the first point raised, we do not deem it necessary to pass upon this or the other questions raised.

The order will be set aside, with costs.