CENTRAL CHEMICAL COMPANY et al., complainants-respondents,

*v.*

VIRGINIA-CAROLINA CHEMICAL CORPORATION et al., defendants-appellants.

[Submitted May term, 1933. Decided September 27th, 1933.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, who filed the following opinion:

"Harold S. Tice was a salesman and representative of the Virginia-Carolina Chemical Corporation. In the latter part of the year 1931 he was indebted to the said corporation for a considerable amount of money (a) for merchandise which he had purchased and used for himself; (b) for merchandise which he had sold to others, the payment for which he had guaranteed; and (c) for money he had collected in pay-

ments of amounts due the corporation and had failed to turn the same over to said corporation.

"Tice was the operator of a considerable sized farm and had about twenty head of horses and mules, sixty-five or more head of cows and heifers and other chattels upon the farm; that on the 6th day of December, 1931, Tice executed what purported to be a bill of sale to the company, as follows:

" 'Know all men by these presents, that I, Harold S. Tice, of the village of Deerfield, county of Cumberland, and State of New Jersey, of the first part, for and in consideration of the sum of ten thousand dollars, lawful money of the United States of America to me in hand paid, at or before the sealing and delivery of these presents by the Virginia-Caroline Chemical Corporation, a corporation of the State of Virginia, of the second part, the receipt whereof, is hereby acknowledged, have bargained and sold, and by these presents do grant and convey, unto the said party of the second part, their successors or assigns, all the goods and chattels particularly described and mentioned, and now in my possession on my farm situate in the township of Deerfield, to wit, twenty head of horses and mules; sixty-five head of cows and heifers, to have and to hold the same unto the said party of the second part, their successors and assigns, forever, and I do for myself, my heirs, executor and administrators, covenant and agree to and with the said party of the second part, to warrant and defend the sale of the said goods and chattels hereby sold unto the said party of the second part, their successors and assigns, against all and every person and persons whatsoever.

" 'In witness whereof, I have hereunto set my hand and seal the sixth day of December, A. D., one thousand nine hundred and thirty-one.'

"There was no transfer of the possession of the chattels, Tice retaining the same and continuing their use and possession in the operation of the farm.

"In 1932 each of the five complainants obtained judgments in the Cumberland county court of common pleas against Tice for certain amounts. In each instance executions were issued and delivered to the sheriff, who levied upon seventeen head of horses and mules, thirty-one high-class cows and thirty-four heifers; that one Robert R. Whiteside, agent for the owners, advertised at public sale, on November 7th, 1932, seventeen horses and mules, thirty-one high-class cows and thirty-four heifers, aged six months to three years.

"The only question. for determination is: Was the instrument executed by Tice in 1931 a bill of sale or a chattel mortgage? If, although described as a bill of sale, it was, in effect, a chattel mortgage, it is void by reason of the absence of the necessary affidavit and the failure to promptly record the same as a chattel mortgage.

"The law is that a bill of sale for personal property, absolute on its face, if taken as security, is only a chattel mortgage.

" 'To warrant a decree that a writing, absolute on its face, was intended to operate as a mortgage only, the parol evidence must be clear, unequivocal and convincing, or the presumption that the instrument is what it purports to be must prevail.' *Cake* v. *Shull, 45 N. J. Eq. 208.*

"I am convinced that this instrument comes within this rule and that, although it is in form a bill of sale, yet it was given for security. The testimony of Tice was convincing upon this point, and although the representative of the company testified otherwise, his testimony was not convincing. It is unneecssary to cite statutes that in the absence of an affidavit stating the consideration, a mortgage is not good against an attaching creditor.

"A decree will be advised in favor of the complainants."

*Mr. H. Byron Lore,* for the appellant.

*Messrs. Powell & Erickson,* for the respondent.

Per Curiam.

The decree appealed from will be affirmed, for the reasons expressed in the opinion delivered by Vice-Chancellor Ingersoll, in the court of chancery.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 14.

*For reversal*—None.