ISRAEL GLASER, PROSECUTOR, v. B. V. D. SALES
CORPORATION ET AL.- RESPONDENTS.

Submitted October 13, 1933—Decided January 23, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the prosecutor, *Jacob I. Polkowitz.*

For the respondent B. V. D. Sales Corporation, *John Fuchs.*

The opinion of the court was delivered by

PERSKIE, J.  This writ brings up for review a judgment, based on a jury verdict, entered in the District Court of New Brunswick, in favor of the judgment creditor, the respondent, and against the claimant, the prosecutor, on a claim of property.

The record discloses the following facts: On July 18th, 1932, the B. V. D. Sales Corporation instituted suit against Joseph Sendar, individually, and trading as Sendar's Men's Shop, in the District Court of New Brunswick, and on August 18th, 1932, recovered a judgment in the sum of $223.97, plus $15.74 costs. Thereafter a writ of execution was issued and levy made on the goods and chattels in question. Subsequently, the prosecutor, Israel Glaser, filed a claim of property. This claim was tried before a jury on October 6th, 1932. The prosecutor, in support of his alleged claim, testified, substantially, that he was the owner of the goods and chattels levied upon, by virtue of a bill of sale, dated July 2d, 1932, from one Louis Daitz, constable and bailiff of the Perth Amboy Beef Company. That the sale conducted by the constable was held under a distress for rent and that the other part of the goods levied upon were purchased by him in the regular course of business.

The bill of sale from Louis Daitz, constable, was produced and introduced in evidence. There was no objection to the introduction of the bill of sale. The constable testified that the sale was held by virtue of the landlord's distraint for rent, and that he received the sum of $300 for the goods sold under the said distraint, and that the goods distrained contained

part of the goods and chattels levied upon. The prosecutor also testified that since the purchase at the constable's sale, he continued as owner of the business formerly conducted by the judgment debtor and that he employed the judgment debtor to manage said business.

The *bona fides* of this transaction was attacked on the cross-examination of the prosecutor. On this cross-examination the prosecutor admitted that he did not appear at the store until after ten o'clock in the morning; that he had an independent job as a traveling salesman and that on a number of days he did not appear at the store at all. He was unable to give the names of any wholesale supply houses from which merchandise was purchased and admitted that all merchandise needed to conduct the business was purchased by the judgment debtor and was shipped by the supply houses in the name of the judgment debtor. The prosecutor further admitted that he maintained no separate bank account for the business and that replacements of merchandise was paid for cash only and not by his personal check. The prosecutor was unable to give approximations of the merchandise on the shelves at the time of the trial and stated that the proceeds of the daily business done was kept in cash on his person. The prosecutor was unable to produce an insurance policy on the stock of merchandise and fixtures in his name.

The statement of the testimony further discloses that the judgment creditor (respondent) produced no witnesses. The respondent moved to strike from the claim of property any amount in excess of the bill of sale, which motion was granted. The prosecutor moved for a directed verdict, which the court denied and allowed the prosecutor an exception. The court allowed the case to go to the jury on the question as to whether or not, in view of the testimony and conduct of the prosecutor, he was actually the owner of the business, or whether the judgment debtor was, in fact, the owner of the business. The jury returned a verdict in favor of the plaintiff and judgment creditor (respondent) and against the prosecutor.

Two grounds are argued by the prosecutor for the reversal of the judgment. (1) The court erred in granting a motion

to strike from the claim of property any goods in excess of the items in the bill of sale introduced in evidence. (2) The court erred in refusing to direct a verdict in favor of the claimant (prosecutor), and that the finding of the jury was contrary to the evidence.

We do not think that there is anything to the first point. The basis on which the issue was submitted to the jury— "whether or not in view of all the testimony and the conduct of the claimant, he was really the owner of the business, or whether the judgment debtor was the owner," was all inclusive.

It is argued that since the testimony of the constable was uncontradicted and the judgment creditor produced no witnesses in contradiction of the prosecutor's claim, that the trial judge erred in submitting the issue to the jury. We do not think so.

We are of the opinion that the cross-examination of the prosecutor developed facts and inferences based on facts sufficient to justify the jury in reaching the result it did, namely, that the judgment debtor was in fact the owner of the business. This was a question of fact. The trial judge was therefore justified in overruling the motion to direct a verdict in favor of the claimant. The rule in such case is well established. In *Bennett* v. *Bush,* 75 *N. J. L.* 240, the Supreme Court held that where fair-minded men might honestly differ as to the conclusion to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury. And in a conflict of testimony, when the facts found by the jury will sustain the verdict, the court will not set it aside, although in their opinion the jury might, upon the evidence, have found otherwise. This case was cited and approved by the Court of Errors and Appeals in *Finnegan* v. *The Goerke Co.,* 106 *Id.* 59.

It will serve no useful purpose to re-analyze the testimony to demonstrate that men of reasonable minds might honestly differ on the conclusions to be drawn from the facts and inferences based on facts, adduced on the cross-examination of the claimant, irrespective of the fact that it was not contro-

verted by the respondent. The claimant, himself, so testified as to controvert his direct testimony.

The case of *Crane Co.* v. *Royer, 7 N. J. Mis. R.* 49, cited by the prosecutor, has no application. The proofs in that case failed to show that the goods were in the personal possession of the judgment debtor at the time of the levy. To the contrary is the fact in the instant case.

Assuming, but not deciding, that the cross-examination of the claimant merely created inferences—such as are permitted to be drawn by jurors from proof, *i. e.,* facts submitted, is that sufficient to sustain the verdict in this case? We think it is.

In the case of *Queen* v. *Jennings, 93 N. J. L.* 353, it was held that:

"A verdict that rests upon inferences, such as jurors are permitted to draw, is normally conclusive. *Smith* v. *Lorillard Co.,* 67 *N. J. L.* 361.

"The court should not set a verdict aside, although in its opinion the jury might, upon the evidence, have found otherwise. *Knickerbocker Ice Co.* v. *Anderson,* 31 *N. J. L.* 333. To justify the setting aside of a verdict, as against the weight of evidence, it must be so clear as to give rise to an inference that it was the result of mistake, passion or prejudice. *Floersch* v. *Donnell, 82 Id.* 357."

In *Jackson* v. *Delaware, Lackawanna and Western Railroad Co. (Court of Errors and Appeals),* 111 *N. J. L.* 487, it was held by Mr. Justice Heher that a motion for a nonsuit admits the truth of the plaintiff's evidence, and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law and where the evidence on behalf of the plaintiff, and the inferences reasonably arising therefrom, will support a verdict for the plaintiff, a motion for a nonsuit must be denied. See, also, *Farrell* v. *New Jersey Power and Light Co., Ibid.* 526.

There is no claim that the verdict is the result of mistake, passion or prejudice.

Judgment is affirmed, with costs.