HERMAN J. SAMUELSON, TRADING AS UNITED FEED COMPANY, PLAINTIFF-RESPONDENT, v. LOUIS WEISBERG, DEFENDANT; MAX LEET, CLAIMANT-PROSECUTOR.

Decided February 20, 1935.

Before Justice PERSKIE, in chambers, pursuant to statute.

For the respondent, *Albert Kushinsky.*

For the claimant-prosecutor, *David A. Veeder.*

PERSKIE, J. Plaintiff, Herman J. Samuelson, trading as United Feed Company, obtained a judgment against Louis Weisberg and issued execution on certain personalty in the possession of said Weisberg. Max Leet thereupon filed a claim of property, claiming that the said property had been sold by Weisberg to his daughter, Celia Buchberg, by a bill of sale antedating the judgment, and that Celia Buchberg had executed a chattel mortgage on said property to him (Leet). The claim was tried in the Ocean County Common Pleas Court, with a jury, and a verdict was directed against the claimant on the ground that the chattel mortgage was invalid, it appearing, among other things, that the mortgage was not recorded forthwith.

Counsel for the claimant contends here, as he did in the court below, that so long as there was a valid sale between Weisberg and his daughter, the form of the chattel mortgage by the daughter to the claimant is immaterial. Opposing counsel, however, maintains that it was incumbent upon the claimant to succeed upon the strength of his own title (*Folwell* v. *Fuller*, 53 *N. J. L.* 572), and hence if the chattel mortgage is defective the claim must fail.

The Chattel Mortgage act (1 *Comp. Stat., p.* 463) provides:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation made and subscribed by the holder of the said mortgage, his agent, or attorney, stating the consideration of said mortgage and as nearly as possible the amount due and to grow due thereon, be recorded as directed  *  *  *."

It will be marked that a mortgage which does not comply with this section *is void as to creditors of the mortgagor*. Samuelson is a creditor of Weisberg, but not of the daughter, who is the mortgagor. As between the mortgagor and the mortgagee and their privies, the mortgage, without filing and without recording, is good. *W. D. Cashin & Co.* v. *Alamac Hotel, Inc.*, 98 *N. J. Eq.* 432; 131 *Atl. Rep.* 117; *Seacoast Finance Corp.* v. *Cornell*, 104 *N. J. L.* 24; 138 *Atl. Rep.* 695; compare *Smith* v. *Commercial Credit Corp.*, 113 *N. J. Eq.* 12; 165 *Atl. Rep.* 637, and *Riedinger* v. *Mack Machine Company of Harrison*, 117 *N. J. Eq.* 334; 175 *Atl. Rep.* 790. The defects in the chattel mortgage are, therefore, not available to Samuelson.

Counsel for Samuelson urges, however, that the unrecorded bill of sale between the debtor, Weisberg, and his daughter, Celia Buchberg, is in effect a chattel mortgage, and, he argues, that the testimony indicates that it was given as a mere

security for moneys due her from her father, and, therefore, title did not pass out of Weisberg, citing *Cake* v. *Shull,* 45 *N. J. Eq.* 208, and *Central Chemical Co.* v. *Virginia-Carolina Chemical Corp.,* 114 *Id.* 48; 168 *Atl. Rep.* 279. These cases, and others, such as *Smith* v. *Commercial Credit Corp., supra,* and *Commonwealth Finance Corp.* v. *Schutt,* 97 *N. J. L.* 225; 116 *Atl. Rep.* 722, undoubtedly support the argument made. But the vice of the contention is that the testimony taken in the instant case does not conclusively establish that the bill of sale was intended as security only. Considering the state of the evidence, this court is of the opinion that a jury question on this point was presented.

Counsel for Samuelson urges, however, that the bill of sale delivered by Weisberg to his daughter is in reality a chattel mortgage as it was given for the security of money loaned, and as such, it is void because the terms of the Chattel Mortgage act were not fulfilled. If it were true that the testimony taken conclusively established that fact, it would necessarily follow that title never passed out of Weisberg and therefore Leet could not have acquired any interest in the personalty from Weisberg's daughter. Whenever a transaction resolves itself into a mere security for a debt, it is a mortgage. See *Karkuff* v. *Mutual Securities Corp.,* 108 *N. J. Eq.* 128; 148 *Atl. Rep.* 159; *Smith* v. *Commercial Credit Corp., supra.* But an examination of the testimony indicates that there is considerable doubt as to the exact nature of the bill of sale and the understanding between the parties to it. When evidence is in such state, it is, of course, incumbent upon the trial judge to submit the issue to the jury. Compare *Glaser* v. *B. V. D. Sales Corp.,* 112 *N. J. L.* 179; 170 *Atl. Rep.* 49. It was error to direct a verdict.

Judgment is reversed, with costs.