*Hartford,*
November,
1817.

Hutchinson
*v.*
Hosmer.

---

## CHAPMAN *against* CHAPMAN.

THIS was an action of trespass *quare clausum fregit.* The cause was tried at *Middletown, July* term, 1817, before *Edmond, Smith* and *Baldwin,* Js.

On the trial, the title to the land on which the trespass was alleged to have been committed, was the principal subject of controversy. The plaintiff claimed, that he owned the land, by a regular transmission of title to him from one *Nicholas Ackley.* To shew that the title of *Ackley* became vested in one *Mary Williams,* under whom the plaintiff claimed, he offered in evidence the deposition of *Crippin Hurd;* which was, in substance, as follows: " I was connected with the *Williams* family; my mother's husband, before she married my father, being *John Williams,* who was the brother of *Charles Williams.* Being thus connected with the *Williams* family, and a good understanding subsisting between that family and ours, I have very often heard my connexions, and other people, speak of the fact, that *Lydia Ackley* inherited the right of *Nicholas Ackley* in the common and undivided lands in *Haddam,* and that she was his relative; but what relative, whether the daughter or niece, I cannot say. *Lydia Ackley* married *Thomas Robinson,* by whom she had a daughter, named *Mary Robinson,* who married the above mentioned *Charles Williams,* and was the sole heir of her parents." To the admission of this deposition, the defendant objected; but the court overruled the objection, and it was read in evidence.

The plaintiff having obtained a verdict, the defendant moved for a new trial, on the ground that the court erred in their decision upon the question of evidence. This motion was reserved in the usual manner.

Hearsay evidence is admissible to prove relationship, only when it comes from a deceased relative, or member of the family to which it relates, made under such circumstances as to preclude the supposition of interest or bias; and such relative or member must be named by the witness.

To render hearsay evidence available to prove a title by inheritance, it is not sufficient to shew a general declaration that the person claimed to be heir inherited the estate in question, and was a relative of the ancestor, but the particular relation must be pointed out, and it must be such as to make that person heir as to such estate.

*Hartford,*
*November,*
*1817.*

Chapman
*v.*
Chapman.

*Sherman* and *C. Whittelsey,* in support of the motion, contended, that the deposition of *Crippin Hurd* was inadmissible, because it was not, in its *nature,* legal evidence ; and because the facts deposed, if proved by any evidence, were *irrelevant.*

1. The nature of the evidence in question, was *hearsay ;* and it was received on the trial, under the established exception to the general rule, which admits hearsay on questions of pedigree. But to bring a case within that exception, it is necessary, first, that the declarations come from a *member of the family,* whose pedigree is sought to be proved ; secondly, that the person whose declarations are proved, be *named,* or otherwise distinctly pointed out ; thirdly, that such person be *dead ;* and fourthly, that the evidence establish a *specific* relationship. *Phill. Evid.* 175. *Vowles* v. *Young,* 13 *Ves.* jun. 146, 7. *Whitelocke* v. *Baker,* 13 *Ves.* jun. 514. The evidence in question wants all these requisites.

2. That the evidence was irrelevant, as it did not go to prove a title in *Lydia Ackley* to the *locus in quo.*

*Staples,* contra, contended, that tradition, or the declarations of any persons, who, from their situation, might be supposed to know the truth, may be proved on questions of pedigree. He referred to *Doe* v. *Griffin,* 15 *East,* 293. *Goodright* v. *Moss, Cowp.* 594. *Jackson* v. *Cooley,* 8 *Johns. Rep.* 131.

SWIFT, Ch. J. It is a general principle in the law of evidence, that hearsay from a person not a party to the suit, is not admissible ; because such person was not under oath, and the opposite party had no opportunity to cross-examine. But in ancient transactions, where no living witnesses can be had, it has become necessary to adopt a different rule ; and in such cases, it has been decided, that the declarations, *memoranda,* or entries made in writing, with regard to any facts, by persons in a situation to know the truth, and under no bias to misrepresent, shall be admitted as evidence of such facts ; for this is the best evidence the nature of the case will admit of ; and is, therefore, admissible from necessity.

The declarations of the deceased members of a family, or those who have lived in the family, and may, from their connexion with it, be supposed to know the state of it, are admis-

sible evidence to prove relationship; as who was a person's father, or grand-father, whom he married, or how many children he had, or when he was married, or the birth of a child, or the like; for it cannot, in many cases, reasonably be presumed, that better evidence can be obtained.

*Hartford,*
November,
1817.

Chapman
*v.*
Chapman.

It is not, however, every statement or tradition in the family, that can be admitted in evidence. The declaration must be from persons having such a connexion with the party to whom it relates, that it is natural and likely, from their domestic habits and connexions, they are speaking the truth, and cannot be mistaken; and when they are made for the express purpose of being given in evidence on a question of pedigree, they will not be received. If a person were to take up a bible, and having the idea that it was afterwards to be produced in evidence, were to write down, at once, the births and deaths of his children, such an entry would not be admissible.

But the declarations of a deceased member of the family are not to be admitted, unless it appears they have been made under such circumstances that the relation may be supposed to be without an interest, and without a bias. If they were to be made on a subject in dispute, after the commencement of a suit, or after a controversy preparatory to one, they ought not to be received in evidence, on account of the probability that they were partially drawn from the deceased, or perhaps intended by him to serve one of the contending parties.

The opinions of deceased neighbours or acquaintances of the family, are not evidence in a question of pedigree; for they cannot be supposed to have that certain knowledge which can be relied on. It is also essential, that the relative should be deceased to make his hearsay admissible; for otherwise, he can be produced in court.

From this it appears, that the deceased relative, whose declarations are given in evidence, is to be considered as standing on the foot of a witness, and the hearsay declarations are admitted in lieu of his testimony. It is, therefore, essential, that the relative whose declarations are given in evidence, should be named, so that the court may be enabled to know whether his relationship or connexion with the family, whose pedigree is in question, was such that he may be supposed to know the truth of the declarations; and whether

*Hartford,*
*November,*
*1817.*

Chapman
*v.*
Chapman.

he is free from any interest or bias, so that they are entitled to credit.

But in the present case, the deponent does not name the person whose declarations he has sworn to ; so that it cannot be known whether the relationship or connexion with the family was such that they could know the truth of what they said, or whether they were under a bias or interest not to speak the truth. Nor does it appear, that the persons whose declarations are sworn to, are dead. Nor does the deponent testify to a declaration, from any person, that *Lydia* was the daughter of *Nicholas Ackley,* but only that she inherited the common and undivided land of *Nicholas,* and was his relative. To make the evidence admissible, he should have sworn to declarations of such relationship as made her the heir of *Nicholas* as to the land in question ; for a general declaration by a living witness, that a certain person inherited the land of another, without being able to tell by what relationship, would be inadmissible.

In this opinion the other Judges concurred, except BRAINARD and GOULD, Js., who gave no opinion ; the former being related to one of the parties, and the latter not having heard the arguments of counsel.

New trial to be granted.