LOUIS ARATA ET AL., PLAINTIFFS IN ERROR, v. PATRICK SULLIVAN AND JULIA SULLIVAN, HIS WIFE, DEFEND-ANTS IN ERROR.

Submitted December 5, 1898—Decided February 27, 1899.

In a suit brought to recover damages for injury done to her household fur-niture, the plaintiff, for the purpose of proving the amount of her loss, was permitted to testify what the person to whom she had sent the furniture to be repaired had told her the work would cost. *Held,* that such testimony was hearsay and therefore incompetent.

On error to the Hudson Circuit Court.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, GAR-RISON and GUMMERE.

For the plaintiffs in error, *James A. Gordon.*

For the defendants in error, *James F. Minturn.*

The opinion of the court was delivered by

GUMMERE, J. This suit is for damages caused to the household furniture of the plaintiff, Patrick Sullivan, for the interruption of his business and for injuries received by his wife through the carelessness of the defendants in making certain alterations to the building in which Sullivan lived and carried on his business.

The defendant was the owner of the premises and entered upon them without the permission of the plaintiffs (who were his tenants) for the purpose of making certain alterations in the water-supply. Through the breaking of a water-pipe, due to the defendants' carelessness, it was claimed, the plaint-iffs' apartments were flooded, their furniture was damaged and Mrs. Sullivan was struck and injured by a heavy piece of plaster which became detached and fell from the ceiling.

The verdict was for the plaintiffs, Patrick Sullivan's dam-

ages being assessed at $350 and Mrs. Sullivan's at the sum of $100.

The assignments of error relate exclusively to the admission or rejection of testimony. With a single exception the rulings of the trial judge were unobjectionable. One of them, however, was clearly erroneous. The plaintiff Julia Sullivan having testified that she had sent their damaged furniture to the repair shop to be re-covered and that it had not yet been returned to them, was asked if the repairer had told her how much it would cost to put the furniture in order, and upon her saying that he had done so she was permitted, against objection, to state the amount which he had named. The purpose of this evidence was to show the extent of the loss sustained by the plaintiffs by reason of the injury to their furniture. It was clearly incompetent for any such purpose, being the veriest hearsay. A judgment which rests in any degree upon such testimony cannot be supported.

The judgment is reversed.