ELIZABETH HAGY, PLAINTIFF-APPELLEE, v. WILLIAM W. HAFNER ET AL., DEFENDANTS-APPELLANTS.

Submitted July 2, 1914—Decided October 1, 1914.

1. In an action against joint tort-feasors, the questions as to the liability of each defendant are separable, and the verdict and decision thereon is subject to the provisions of the Practice act of 1912, which confines the granting of a new trial to the question or questions with respect to which the verdict or decision is found to be wrong, if separable.

2. Under such statute where judgment has been recovered against three joint tort-feasors, and the judgment against two is wrong, but as to the other correct, the judgment so far as it is correct, will be affirmed, and the granting of a new trial limited to such of the defendants against whom the judgment is wrong.

On appeal from the Atlantic City District Court.

Before Justices TRENCHARD, BERGEN and BLACK.

For the appellants, *Theodore W. Schimpf.*

The opinion of the court was delivered by

BERGEN, J. The defendants in this case are William W. Hafner, Harriet A. Hafner, his wife, and Jesse Woodington, against whom the plaintiff instituted her suit to recover damages for unnecessary and excessive force and violence, committed in the arrest of the plaintiff for alleged criminal conduct. The plaintiff had judgment in the Atlantic City District Court against the three defendants, from which they appeal. The case was submitted to this court by consent upon such briefs as might be filed within the time limited by the rules of this court, but we have not been favored with a brief on behalf of the appellee. The case made by the plaintiff was, that the defendant Woodington, being a police officer, specially assigned to guard the property and business of the defendant William W. Hafner, who was lessee of a theatre in Atlantic City, arrested the plaintiff while committing an injury to the property of Hafner. It is admitted that the arrest was a lawful one, and the only foundation upon which this action is rested is the use of excessive violence by the officer in making the arrest. At the time of the arrest, the husband was not present, although the wife was present after the arrest, being in the theatre when plaintiff was brought in by the officer. There is not a particle of evidence which justifies any inference that either of the Hafners authorized the officer to use excessive force in making the arrest, or in any way assisted therein, and the only proof relating to ratification is, that Woodington continued to serve as an officer to

guard the property as theretofore. We are of opinion that such fact is no evidence of ratification of the officer's acts of violence, nor does it appear, in this case, that the defendants had any power to discharge the officer from the further perfomance of the duties to which he was assigned. At the close of the plaintiff's case there was a motion to nonsuit as to William Hafner and his wife, which the trial court refused. We think that this motion should have been granted. There was evidence from which it may be inferred that Woodington, in making the arrest, was guilty of excessive force and violence, and that question being properly submitted to the jury, and found against him, we cannot review such finding. The appellant, however, argues that in actions of tort against several tort-feasors, the judgment is an entirety, and not separable, and, therefore, if it should be reversed as to some of the defendants, the entire judgment must fall, and this would be so under *Peterson* v. *Middlesex and Somerset Traction Co.,* 71 *N. J. L.* 296, but since that time, the legislature has declared that where a new trial is granted "it shall only be a new trial of the question or questions with respect to which the verdict or decision is found to be wrong, if separable." *Pamph. L.* 1912, *p.* 397; *Moersdorf* v. *New York Tel. Co.,* 84 *N. J. L.* 747. The question, therefore, arises whether this statute applies to a case of this character. We are of opinion that it does, and that the questions concerning the liability of the different defendants are separable. The statute referred to is remedial in character, having for its purpose the limitation of unnecessary litigation, the first section declaring that it "shall be liberally construed, to the end that legal controversies may be speedily and finally determined according to the substantive rights of the parties." Separable, as used in the statute, means a distinct cause of action existing in the suit on which a separate and distinct action may be brought, and complete relief afforded as to such cause of action. In joint torts the plaintiff may proceed against the persons jointly liable in one action, or against them separately, judgment against one, when satisfied, barring an action by the plaintiff against the other joint wrong-doers. We think that

the questions raised against the several defendants, in the present case, are separable, and that this view is supported by the opinion delivered for the Court of Errors and Appeals in *Moersdorf* v. *New York Tel. Co., supra.*

The conclusion which we reach is, that the judgment, so far as Woodington is concerned, should be affirmed, with costs, and that it should be reversed, and a new trial awarded as to William W. Hafner and Harriet A. Hafner, and it is so ordered.