SEACOAST FINANCE CORPORATION, A CORPORATION OF NEW JERSEY, APPELLANT, v. MARK A. CORNELL AND SAMUEL PERLMUTTER AND SOL PERLMUTTER, INDIVIDUALLY, AND TRADING AS CRAWFORD GARAGE, RESPONDENTS.

Submitted May 13, 1927—Decided October 4, 1927.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Matthew Krafte.*

For the respondent, *Jacob Lubetkin.*

The opinion of the court was delivered by

PARKER, J.  This was a replevin suit for an automobile by parties named as mortgagees in an instrument purporting

to be a chattel mortgage, as against the chattel mortgagor (Cornell) and a firm of garage keepers holding the car for storage charges. Cornell made no defense, and at the trial it appeared that the chattel mortgage was invalid as against subsequent creditors for the reasons that the affidavit of consideration was made by the mortgagor instead of by the mortgagee, and the acknowledgment and proof were made by the mortgagee through its president, instead of by the mortgagor. Notwithstanding these glaring defects, the paper had been accepted for record, and the claim made by the plaintiff was that as the amendment of 1925 (*Pamph. L., p.* 96) to the Garage Keepers' Lien act (*Pamph. L.* 1915, *p.* 556) provides that "the lien of a garage keeper shall not be superior to, nor affect, any lien * * * held by virtue of a prior conditional sale or of a prior chattel mortgage properly recorded," the chattel mortgage in question, having been actually recorded before the garage lien accrued, is superior to the latter. The trial court held, not only that the chattel mortgage was invalid as against the garage keepers, but that it was invalid as against Cornell, the mortgagor, and gave a general judgment for all the defendants.

So far as relates to the controversy between plaintiff and the garage keepers, the judgment was manifestly right. Plaintiff concedes that the chattel mortgage was invalid under the Chattel Mortgage act as against creditors, but its claim, as we understand it, is that the act of 1925, *ubi supra,* in using the phrase "properly recorded," refers to the official action of the recording officer in receiving the paper, copying it into the books, &c. But we are unable to take that view of the matter, which obviously would have the effect of excluding a garage keeper as a creditor from the benefits of the Chattel Mortgage act, and this through an independent enactment under a wholly alien title. Such could not have been the intent of the legislature. To us it seems quite plain that the words "properly recorded" mean "lawfully recorded," *i. e.,* with the sanction and under the restrictions of the Chattel Mortgage act; and a glance at that act, sections 5 and 6 in particular (*Comp. Stat., p.* 468), will show that no chattel mortgage was meant to be eligible for record unless acknowl-

edged or proved according to law, and with the added affidavit of consideration by the mortgagee, his agent or attorney.

We conclude that this mortgage was not "properly recorded," and, hence, was invalid as against the garage keeper's lien.

There was error, however, in adjudging the mortgage invalid as against Cornell. It is familiar law that a chattel mortgage, invalid as against creditors for want of the statutory affidavit and proper record, is valid as between the parties to it. *Williamson* v. *New Jersey Southern Railroad Co.,* 26 *N. J. Eq.* 398; *Fidelity Trust Co.* v. *Staten Island Clay Co.,* 70 *Id.* 550; *Cashin* v. *Alamac Hotel Co.,* 98 *Id.* 432, 443.

For this error the judgment in favor of Cornell must be reversed and the cause remanded. As to the defendants garage keepers, the judgment will be affirmed. *Hagy* v. *Hafner,* 86 *N. J., L.* 502.