CORNELIA HUFF, RESPONDENT, v. C. W. GODDARD COAL AND SUPPLY COMPANY, IMPLEADED, ETC., APPELLANT.

Submitted October 11, 1929—Decided January 2, 1930.

20

────────────

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Harley, Cox & Walburg*.

For the respondent, *Charles J. Stamler*.

The opinion of the court was delivered by

PARKER, J. The appellant and one Conklin were joined as defendants in this action and there was a judgment against both as joint tort-feasors because of damage to the plaintiff's automobile which had been entrusted to defendant Conklin for repairs and after completion thereof was being driven back by Conklin's agent for redelivery to plaintiff when it came into collision with the Goddard truck. Conklin does not appeal. The Goddard company alleges error in the admission of evidence intended to impeach the testimony of the driver of its truck. We are clear that as to that company the judgment must be reversed on this ground.

As usual in such cases, each defendant sought to lay the blame on the other, and Goddard's driver was cross-examined by counsel for defendant Conklin. In the course of that examination he was asked about alleged statements to the police court judge and denied making them. Then he was asked by Conklin's counsel whether he had been fined by that court for reckless driving in connection with the accident in question. The objection of immateriality by counsel for appellant Goddard company was overruled and the question answered in the affirmative. Later, the record of conviction in the police court for reckless driving was admitted by the trial court over objection that it was not a conviction of crime and also immaterial and irrelevant.

The admission of this evidence was error. Its only possible object, after the failure to show he had admitted reckless driving, was to break down his credibility by showing his conviction in a summary proceeding under the Motor Vehicle act. But such a violation of that act is not a crime. *State* v. *Rodgers*, 91 *N. J. L.* 212. The cases of *Hill* v. *Maxwell*, 77 *N. J. L.* 766, and *Ruh* v. *Hyle*, 5 *N. J. Mis. R.* 680, relied on by respondent, are both predicated on conviction of crime based on an indictment, and no case is cited, and we know of none in which a conviction of this character in a summary proceeding has been held admissible under section 1 of the Evidence act. *Comp. Stat.*, p. 2217.

For this error the judgment must be reversed as to the Goddard company and the case remanded for a new trial in that regard. This, however, does not affect the judgment against Conklin. *Supreme Court Rules* 131, 147; *Hagy* v. *Hafner*, 86 *N. J. L.* 502; *Seacoast Finance Corp.* v. *Cornell*, 104 *Id.* 24.