OLGA JAEGER, PLAINTIFF-RESPONDENT, v. ELIZABETH-TOWN CONSOLIDATED GAS COMPANY, A BODY CORPORATE, DEFENDANT-APPELLANT.

THEODORE JAEGER, PLAINTIFF-RESPONDENT, v. ELIZABETHTOWN CONSOLIDATED GAS COMPANY, A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted October 3, 1939—Decided March 18, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the appellant, *Francis A. Gordon* (*Frank A. Welt*, of counsel).

For the respondents, *Benjamin Gershenson* (*Harry J. Weiner*, of counsel).

The opinion of the court was delivered by

HEHER, J. The gravamen of these actions is negligence; and the specifications are that, on August 26th, 1936, the defendant corporation, a dealer in gas ranges for domestic use, (a) sold to plaintiff Theodore Jaeger and shortly thereafter installed in his dwelling house, a combination coal and gas range, consisting of an oven and four burners, that, for lack of "proper circulation" and deficiencies of construction, adjustment and function, was unsafe for use, and (b) "did not use reasonable care to investigate and find out dangerous character of said chattel;" whereby Jaeger's wife, Olga, suffered burns from a gas explosion occurring while the instrument was in use.

A jury was empanelled to try the issue; and there were verdicts for plaintiffs—$400 for Olga, and $150 for Theodore, who sued *per quod*. Defendant appeals from the consequent judgments.

The primary questions, raised by motions to nonsuit and to direct a verdict for defendant, are (a) whether the evidence presented a factual issue as regards the specifications of negligence, and (b) whether contributory negligence conclusively appeared. We are constrained to resolve them against appellant.

As to negligence, the inquiry is whether there is any evidence which, if accepted and given its fullest probative force, reasonably tends to sustain the pleaded cause of action. Is it such that fair and reasonable men would be justified in concluding that the *onus probandi* had been sustained? *Sivak* v. *New Brunswick*, 122 *N. J. L.* 197. There was such evidence.

Defendant represented the range to be of proper construction and function for safe domestic use; and there was tangible evidence tending to establish the contrary. Apart from the indisputable failure of function, there was expert evidence of improper construction, in that there was inadequate air circulation, and "more gas" was "fed in than could be lighted," whereby, "when the flame was turned to one-sixteenth inch flame there wasn't sufficient air entering into it to keep the burner lighted when you closed the door fast," and thus there was danger of explosion of the accumulated gas when the door was opened. This is what happened here.

Moreover, upon complaints by the plaintiffs, made on three separate occasions, defendant undertook to remedy this defect, and, upon the conclusion of its efforts in that direction, advised plaintiffs that necessary adjustments had been made and the instrument was no longer dangerous to use. It is elementary that the negligent performance of work gratuitously undertaken is actionable if damage ensues as the proximate result thereof.

Pointing to the testimony of the expert witness that "poor circulation" in the room in which the range was installed might be a contributing factor, the contention is made that the *onus* was on plaintiffs to "exclude inferences of negligence which could be drawn from causes or omissions not attributable to appellant."

But, in reasoning from circumstances, the test in the ultimate analysis is whether the evidence on the whole brings

the proposition affirmed within the realm of probability. It is not requisite that the circumstances also exclude beyond doubt the inference that the damage in a case such as this ensued from a cause not imputable to defendant. Certainty is not the standard. It is sufficient if the circumstantial evidence be such as to afford a fair and reasonable presumption of the facts inferred. *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.*, 111 *N. J. L.* 487; *Kuczynski* v. *Humphrey*, 118 *Id.* 321; *Vollkommer* v. *Menge*, 118 *Id.* 360. In civil cases, "a mere preponderance of probability, due regard being had to the burden of proof, is a sufficient basis of decision." *Best on Evidence,* § 95. See, also, section 23. It is the jury's duty "to decide in favor of the party on whose side the weight of the evidence preponderates, and according to the reasonable probability of truth." 1 *Lewis' Greenleaf on Evidence,* § 13a. Professor Greenleaf divides circumstantial evidence into two classes, viz.: "* * * certain, or that from which the conclusion in question necessarily follows; and uncertain, or that from which the conclusion does not necessarily follow, but is *probable* only (italics the author's), and is obtained by a process of reasoning"—a conclusion which does not necessarily follow from the facts proved, "but is obtained from these and other circumstances, by probable deduction." *Ibid.,* § 13a. The evidence preponderates if it establishes "the reasonable probability of the fact." 20 *Amer. Jur.* 1100.

Furthermore, it was incumbent upon defendant to take into account the vital factor of the room's air circulation when it assured plaintiffs, after the installation and adjustment of the mechanism, and the readjustment following complaints of improper functioning, that the instrument was capable of safe usage.

And it is a corollary of the foregoing considerations that it is immaterial that defendant was the distributor and not the manufacturer of the range.

The point that the evidence was conclusive of contributory negligence is frivolous. Whether Mrs. Jaeger's conduct exhibited reasonable care for her own safety was, in its most favorable aspect to defendant, a question for the triers of the facts. If we assume awareness of the danger, still the proofs

disclose that this plaintiff's continued use of the instrument rested upon assurances by defendant that there. had been a rearrangement of the mechanism to insure normal use free from danger.

The next insistence is that the trial judge erred in overruling defendant's objection to the following question propounded to the plaintiff, Theodore Jaeger: "Did you afterward find out what was the cause of that?" The question referred to the extinguishment of the range "flame," regulated "to one-fourth or one-half inch," when the door was "closed or opened;" and the witness answered "poor circulation of oxygen."

It is argued that the question called for hearsay evidence. This was not the ground of the objection interposed at the trial; there it was said to be "immaterial." Moreover, the evidence thus educed was in nowise prejudicial, for it seems to have been conceded that the extinguishment of the flame was due to inadequate air circulation.

And it was not reversible error to exclude the six photographs offered in evidence by defendant. Two of these photographs presented views of the range in question, while the others were represented as covering parts of a range of like make and style. They were taken more than two years after the mishap; and they were offered, not "to show the condition of the range on that date or on any date," but "merely * * * to show what kind of range it was and the set-up of the range and the general mechanism—how the range works." The trial judge considered that there were other and more satisfactory methods of "proving the physical aspects" of such instruments; and, in the special circumstances, the ruling is not fairly classable as an abuse of discretion. The offer in question invoked sound judicial discretion. *Braelow* v. *Klein,* 100 *N. J. L.* 156.

Lastly, it is said that, as regards the husband's action for consequential damages, there was error in the overruling of defendant's objection to the following question put to him: "Did you pay the expenses of her [the wife's] trip down there?" On the advice of her physician that "a change of environment would improve her nervous state," Mrs. Jaeger

had gone to Oklahoma to recuperate; and the ground of the objection was that the payment of such expenses was "immaterial," since the physician "testified that it did not matter where she went."

Assuming that this expense was not chargeable to defendant as a necessary and reasonable disbursement, the witness' merely affirmative answer was not in itself prejudicial; and, while he was later permitted, over objection, to state the amount paid for railroad fare, there was no exception to that ruling. Moreover, we think it reasonably clear that the jury discarded this item in the appraisement of the husband's damages.

Judgments affirmed, with costs.