PERCY W. HART, PLAINTIFF-APPELLANT, v. NEW YORK SASH AND DOOR CO.. INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted January 15, 1946—Decided April 2, 1946.

Before Justices PARKER and OLIPHANT.

For the plaintiff-appellant, *Charles C. Stalter*.

For the defendant-respondent, *Evans, Hand & Evans* (*John W. Hand,* of counsel).

The opinion of the court was delivered by

OLIPHANT, J. This appeal brings up for review a judgment of nonsuit entered by Judge MacLeod in the Passaic County Court of Common Pleas in favor of the defendant at the close of plaintiff's case.

The action was based on a claim of negligence, and arises because of injuries sustained by the plaintiff while an invitee on lands of the defendant company, a lumber yard. Plaintiff was there in company with the vice-president of the defendant for the purpose of inspecting some lumber. At the time employees of the defendant were erecting a pole in the yard, and as plaintiff was near where these men were working there was a shout of "look out" apparently from one of the employees. As a result of this plaintiff tried to climb into a railroad box car standing close by and in so doing fell and was injured.

The complaint charged negligence in the erection of the pole; on failure to safeguard persons lawfully on the premises; and in using incompetent employees.

There are two grounds of appeal, error in the refusal of the trial court to admit certain testimony offered by the plaintiff; and error in granting the nonsuit. We are in accord with the ruling with respect to the refusal to admit the proffered testimony. The rule of *respondeat superior* did not apply and whether or not the testimony was admitted is immaterial in view of the fact that the nonsuit was entirely proper, and would have been proper even had the testimony been admitted. The case is barren of evidence showing negligence on the part of defendant's employees in the erection of the pole. Plaintiff argues that an inference of negligence can be drawn from the shout of the workman, but the affirmative evidence showed conclusively that there was no negligence anent the

erection of the pole or in any duty owed plaintiff by defendant. There was no issue for the determination of the jury. *Schmid* v. *Haines,* 115 *N. J. L.* 271 (at *p.* 278). The mere scintilla of evidence rule does not apply in this state. *Pellington* v. *Erie Railroad Co.,* 115 *Id.* 589. There was no evidence which, if given its fullest probative force, reasonably tended to sustain the pleaded cause of action. Mere surmise or conjecture is not enough. *Sivak* v. *New Brunswick,* 122 *Id.* 197.

Appellant seeks to invoke the "sudden emergency" doctrine but the application of that rule must be predicated upon negligence, and it applies only to the conduct of a plaintiff with respect to the question of his contributory negligence.

Judgment affirmed, with costs.