6 N.J. Super. 107 (1950)
70 A.2d 192
EDITH FERRY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN FERRY, DECEASED, PLAINTIFF-RESPONDENT,
v.
GEORGE SETTLE, FISCHER BAKING COMPANY, HANS SCHIRBER, CENTRAL GREYHOUND LINES, INC., OF NEW YORK, AND FRANCIS HEASLEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 21, 1949.
Decided January 6, 1950.
*109 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. George F. Lahey, Jr., argued the cause for appellants, Fischer Baking Company and Hans Schirber (Messrs. Lahey & Gockeler, attorneys).
Mr. Augustus C. Studer, Jr., argued the cause for appellants, Central Greyhound Lines, Inc., and Francis Heasley (Messrs. McCarter, English & Studer, attorneys).
Mr. Thomas L. Morrissey argued the cause for respondent (Messrs. Carpenter, Gilmour & Dwyer, attorneys).
The opinion of the court was delivered by COLIE, J.A.D.
Edith Ferry, administratrix ad prosequendum of the estate of John Ferry, deceased, instituted suit against George Settle, Fischer Baking Company, Hans Schirber, Central Greyhound Lines, Inc., of New York, and Francis Heasley, for damages arising from the death of John Ferry, alleged to have resulted from the negligence of one or all of the five defendants. The pleadings and the pretrial order confined the issues to negligence of the defendants, contributory negligence of the decedent and joint enterprise *110 as between the defendant, Settle, and decedent. After trial, the jury returned a verdict against Fischer Baking Company and Central Greyhound Lines, Inc., and the respective drivers of their cars, and a verdict in favor of the defendant, Settle. Thereafter the court, on motion of Fischer Baking Company and Central Greyhound Lines, Inc., reduced the verdict to $85,450. From the judgment entered thereon, Fischer Baking Company, Central Greyhound Lines and their respective drivers appeal. Three grounds of appeal argued for a reversal are common to all four defendants. They are (1) that the verdict was contrary to the greater weight of the evidence; (2) that the court erred in charging that "the sudden emergency" doctrine was applicable to the defendants or any one of them; (3) that the court erred in refusing to charge the doctrine of contributory negligence. Fischer Baking Company and Hans Schirber also argue that the court erroneously permitted the defendant Heasley to testify to a statement of the defendant, Settle, that the accident was not the fault of either.
On July 8, 1947, at about 7 A.M. the plaintiff's decedent was in a car owned by George Settle which the latter was driving easterly on Route 6, Troy Hills, New Jersey. Route 6 at that point has two lanes for east-bound traffic and two lanes for west-bound traffic, separated by a grass plot. At intervals there are cross-overs to enable west-bound traffic to get into the east-bound lane and vice versa. On the right or southerly side of Route 6 and about 300 feet west of the point where the accident occurred is located the Troy Hills Diner. As Settle approached from the west, driving in the center of the two lanes for east-bound traffic, the Fischer Baking Company truck, driven by Schirber, came out of the driveway at the Troy Hills Diner and turned right on Route 6 and proceeded a few hundred feet to a gap in the center plot dividing the east and west-bound lanes. The Fischer truck crossed the two east-bound lanes at a diagonal, turned into the gap and came to a stop to permit a west-bound car to pass before entering the west-bound lane. When it stopped in the cross-over, its rear projected slightly into the fast or *111 more northerly lane for east-bound traffic. Schirber testified that when he pulled out of the driveway, he looked to the west and saw no cars. In the meantime, the Settle car was traveling in the fast lane next to the dividing plot, and when Settle saw the Fischer truck turn into the cross-over, he swerved to his right, then sharply to his left and the right front of his car struck the Fischer truck and threw the former into the path of the on-coming Greyhound bus which was being driven by Heasley in an easterly direction. Just prior to when the Settle car suddenly came over into its path, the speed of the bus had been reduced to 20 or 25 miles an hour. In an attempt to avoid striking the Settle car, Heasley swerved to the right but the left rear of the bus struck the Settle car and as a result thereof plaintiff's decedent received fatal injuries. From this sketch of the happenings immediately prior to the accident, it is clear that a jury question was presented as to the negligence or lack of negligence of each of the defendants. Without going into the details, it may be said that doubt was cast on the veracity and the accuracy of the observations of some of the witnesses, but a reading of the record leaves no doubt that the verdict was not against the weight of the evidence.
The case is barren of evidence from which the jury could find that plaintiff's decedent, Ferry, was guilty of contributory negligence. In the absence of such evidence there was no error in the refusal of the trial judge to charge on that subject. A trial court has no duty to charge an abstract principle of law without applicability to the evidence.
The court charged that "Where a traveler or a motorist upon a highway, without any fault on his part, is placed in a position of imminent peril, all that is required of him in such an emergency is that he act with ordinary care under the circumstances. The law will not hold him guilty of negligence if he does not select the very wisest course or makes an honest mistake of judgment in such sudden emergency.
"Now, whether such an emergency existed and whether the motorist acted with due care in the circumstances are questions of fact for you to determine. In other words, you first *112 have to determine whether an emergency really existed in so far as any of these defendants are concerned, and then determine whether or not that emergency was without fault upon the part of the defendant which you then have under scrutiny, because this doctrine of sudden emergency is founded upon the assumption that the person's position or the motorist's position is not attributable to his own fault. The exoneration of the doctrine does not apply when the driver's negligence creates or contributes to the exigency, for then there ensues a precedent actionable wrong, distinct from consideration of a later choice of conduct in that emergency.
"And in the final analysis, members of the jury, I think the doctrine, as you shall hear me a little later describe it to you, is no more than an application of the rule of negligence, that a man must use the degree of care in the operation of the automobile which the ordinary, prudent man would have used in the circumstances, whether those circumstances be ordinary or emergent."
Appellants urge error in this charge and rely upon Hart v. New York Sash & Door Co., Inc., 134 N.J.L. 151 (Sup. Ct. 1946), for the proposition that the doctrine of sudden emergency is applicable only against a plaintiff. In the Hart case the court said: "Appellant seeks to invoke the `sudden emergency' doctrine but the application of that rule must be predicated upon negligence, and it applies only to the conduct of a plaintiff with respect to the question of his contributory negligence." The Hart case dealt with the right of a plaintiff to invoke the sudden emergency doctrine and held that a plaintiff could invoke the doctrine only in respect to his contributory negligence and when negligence of the defendant was shown. It did not hold that the doctrine was inapplicable to a defendant to exculpate him from a finding of negligence. In 38 Am. Jur., Negligence, § 41, the general rule is stated to be "that one who, in a sudden emergency, acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence, provided he exercised in the emergency the care of a reasonably *113 prudent individual under like circumstances." The Restatement of the Law of Torts, Vol. 2, § 296, states the rule as follows: "In determining whether conduct is negligent toward another, the fact that the actor is confronted with a sudden emergency not caused by his own tortious conduct which requires rapid decision is a factor in determining the reasonable character of his choice of action." Section 470, dealing with contributory negligence, states that "The fact that the plaintiff is acting in an emergency not created by his own antecedent negligence is a factor to be taken into account in determining whether his conduct is free from contributory negligence." The court's charge in this respect was without error.
Defendants, Fischer Baking Company and Hans Schirber, assert error in the admission of certain testimony. The situation arose in this fashion. Francis Heasley, the driver of the Greyhound bus, was called as a witness by the defendant Settle and while under examination by his counsel, the following took place:
"Q. Did you talk with Mr. Settle some time that afternoon, Mr. Settle, the driver of the Chevrolet car?
"Mr. Foley: Answer yes or no.
"A. Yes, sir.
"Q. Did you talk with him?
"Mr. Studer: Your Honor will bear with me just a second?
"Q. Did he say to you, `Son, you have nothing to worry about. It is not your fault'?
"Mr. Dwyer: I object.
"Mr. Studer: I am not saying this is binding upon the plaintiff at all.
"Mr. Dwyer: May I ask who it is binding upon? It has an indirect effect upon the plaintiff, and I object to it, because it is not.
"The Court: I will allow it.
"Q. Did you talk with him that afternoon, and did he say to you, `Son, you have' 
"Mr. Lahey: May I be noted as joining in the objection?
"The Court: Yes, you may.
"Q. The Court says you may answer. Did he say to you, `Son, you have nothing to worry about. It is not your fault'? A. He did say that.
"Mr. Studer: That is all.
"Re-direct examination by Mr. Foley:
*114 "Q. He also said to you that it was not the fault of either of you, didn't he, either you or himself?
"Mr. Lahey: Oh, I object to that. That is definitely self-serving.
"The Court: Well, if he said it I will allow it.
"Mr. Lahey: I ask that my objection be noted.
"The Court: All right.
"A. He did say that."
The purported conversation was no part of the res gestae nor could it well be since the accident happened about 7 o'clock and the conversation took place in the afternoon. Fischer Baking Company and its driver urge that the evidence of the conversation between Settle and Heasley was improperly admitted because it was (1) hearsay; (2) called for the opinion of a party as to the main issue thus invading the province of the jury and (3) was self-serving as to the party offering the statement and the party alleged to have made it. The respondent does not strenuously dispute that the evidence should ordinarily be excluded but argues that the declarations of themselves were not determinative of any issue since the negligence of Fischer Baking Company was conclusively established by other testimony. It is said that the admitted testimony while tending to exculpate certain parties inculpated no one. With this we cannot agree. The statements attributed to Settle certainly tended to exculpate Greyhound, Heasley and himself, and, since the evidence in the entire case would not support a finding of an unavoidable accident, it follows that the admission of the statements tended to inculpate Fischer Baking Company and its driver, Schirber. The fact that the jury returned a verdict against Greyhound and its driver indicates that it did not believe Settle's statement in its entirety. We are unable to assess the extent to which the objectionable evidence harmed Fischer Baking Company and its driver. However, we are firmly of the opinion that it was harmful.
In the absence of the adoption in this State of a salutary rule along the lines of Rule 503 of the Model Code of Evidence admitting evidence of a hearsay declaration if the judge finds that the declarant (a) is unavailable as a witness, or (b) is present and subject to cross-examination, we are constrained *115 to hold that the admission of the hearsay statements of Settle constituted harmful error within the meaning of Rules 1:2-20 and 4:2-6.
The judgments under review are reversed.