EDITH FERRY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN FERRY, DECEASED, PLAINTIFF-APPELLANT, v. GEORGE SETTLE, FISCHER BAKING COMPANY, HANS SCHIRBER, CENTRAL GREYHOUND LINES, INC., OF NEW YORK AND FRANCIS HEASLEY, DEFENDANTS, FISCHER BAKING COMPANY AND HANS SCHIRBER, DEFENDANTS-RESPONDENTS.

Argued November 27, 1950—Decided January 22, 1951.

See also 6 *N. J.* 262, 78 *A.* 2d 264.

*Mr. Thomas L. Morrissey* argued the cause for the appellant; *Messrs. Patrick Dwyer* and *Milton A. Dauber* on the brief (*Messrs. Carpenter, Gilmour & Dwyer,* attorneys).

*Mr. George F. Lahey, Jr.,* argued the cause for the respondents (*Messrs. Lahey & Gockeler,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J.  This is an automobile accident case in which suit was instituted by the plaintiff for damages resulting from the death of her intestate.  Three motor vehicles were involved, an automobile owned and operated by defendant Settle in which the deceased was a passenger, a truck of the Fischer Baking Company, which was being operated by its employee Schirber, and a bus owned by the Central Greyhound Lines, Inc., of New York, and operated by its employee Heasley. Each of the five defendants are charged in separate counts and all of them are charged jointly with negligence which proximately caused the death of Mr. Ferry.

The jury returned a verdict of no cause of action as against the defendant Settle and of $100,000 against all the other defendants.  On motion made to the trial court this was later reduced to $85,450 and judgments for that amount were entered.

An appeal was then taken by the unsuccessful defendants to the Appellate Division.  These defendants Fischer Baking Company and Schirber contended, *inter alia,* that certain testimony, which will be alluded to hereafter, should have been excluded and that its reception into evidence constituted harmful, prejudicial error as to them.

The Appellate Division reversed the judgments below as to all four defendants on the ground of error in the admission of the complained of testimony.  6 *N. J. Super.* 107 (1950). Following this decision the plaintiff petitioned for a rehearing which was granted and after reargument the court filed its opinion in which it modified its earlier decision and held that the cause of action against the various defendants was separable and that the judgments entered in the trial court

should be reversed as to the Fischer Baking Company and Schirber only. It accordingly ordered the judgments affirmed as against the Central Greyhound Lines and Heasley and a new trial on the issue of liability as to the Fischer Baking Company and Schirber. 7 *N. J. Super.* 253 (1950).

Both the plaintiff and defendants Central Greyhound Lines, Inc., and Heasley sought certification to review the determination of the Appellate Division, and their petitions were granted. We are concerned here with the appeal of the plaintiff alone.

At the trial, after all the defendants had testified, Heasley was recalled to the stand by counsel for the defendant Settle and on cross-examination by his own counsel, who also represented Central Greyhound, testified over the objection by counsel for the plaintiff, the baking company and Schirber that Settle, sometime after the accident, had said to him: "Son, you have nothing to worry about. It isn't your fault." Then Settle's counsel asked the witness, "He also said to you that it was not the fault of either of you, didn't he, either you or himself?" and over the objection of counsel for the baking company and Schirber he was permitted to answer, "He did say that."

The appellant admits this testimony was technically hearsay but urges it was obviously and demonstrably ignored by the jury and that its reception into evidence did not injuriously affect the substantial rights of the defendants here whose liability was amply established by other and competent evidence.

■■ The testimony was not admissible for any purpose. It was not part of the *res gestæ* and it was palpably self-serving. Further, it called for a stated conclusion and opinions of a layman with respect to liability. Its admission being error, did it injuriously affect the substantial rights of the baking company and Schirber? We are of the opinion it did. While tending to exculpate Settle, the Central Greyhound and Heasley it inculpated the other defendants. Since it was apparent that the accident was not an unavoidable occurrence, Settle, by exonerating himself and the Central Greyhound

driver, created the very forceful inference that the accident was due to the negligence of the baking company's driver. While it is true there was other evidence which, if believed, would show negligence on the part of the baking company's driver, and while the rule is that erroneously admitted testimony cannot be regarded as harmful, if the jury ignored it in reaching its verdict, *Jaeger v. Elizabethtown Consolidated Gas Co.*, 124 *N. J. L.* 420 (*Sup. Ct.* 1940), nevertheless the actions of the three drivers were being considered and tested under all the facts on the question of their negligence. Who can say the incompetent testimony complained of did not tip or may not have tipped the scales against the baking company's driver even though the verdict found Heasley and the Central Greyhound guilty of negligence and at the same time found no cause of action as to Settle? The jury may have well given weight to the testimony, a conclusion which the verdict in Settle's favor would tend to support, but it apparently did not consider it of sufficient weight to overcome other evidence inculpating Heasley and the Central Greyhound.

Since the weight of the evidence is for the jury, an appellate court, in determining whether or not error is prejudicial should not attempt to weigh the erroneously admitted testimony but merely decide whether or not it could have been given weight by the jury. If it could then it automatically follows that it was prejudicial within the meaning of *Rule* 1:2–20(b). If one had the wisdom of a Solomon it would be insufficient to fathom a jury's collective mind and decide exactly what transpired therein and upon what testimony the jury based its verdict.

We are not in accord with the other contention of the appellant that as the jury's verdicts are supported by the weight of the competent evidence the erroneously admitted testimony cannot constitute reversible error. There is such a thing as harmless error but in this what has heretofore been said is applicable on this point. A verdict which may rest in any degree upon erroneously admitted incompetent, hearsay testimony cannot be supported. *Arata v. Sullivan*, 63 *N. J. L.* 46 (*Sup. Ct.* 1899).

No case has been cited to us nor does our research disclose any wherein incompetent evidence tending to inculpate a party, which should have been excluded, has been held to be harmless error.

The judgments of the Appellate Division should be modified to the end that a trial *de novo* be had on all issues rather than on the issue of liability alone, and as so modified are affirmed. Costs will abide the event.

HEHER, J. (dissenting). While the sanction of an oath is also deemed requisite, the essence of the hearsay rule is that assertions which have not been "in some way subjected to the test of cross-examination" are not deemed testimonially trustworthy. *Wigmore on Evidence* (*3rd ed.*), §§ 1362, 1364, 1367. In *Chapman v. Chapman*, 2 *Conn.* 347 (1817), Swift, C. J., said: "It is a general principle in the law of evidence, that hearsay from a person not a party to the suit, is not admissible; because such person was not under oath, and the opposite party had no opportunity to cross-examine." And in *Warren v. Nichols*, 6 *Metc.* 261 (1843), Shaw, C. J., had this to say: "The general rule is, that one person cannot be heard to testify as to what another person has declared, in relation to a fact within his knowledge, and bearing upon the issue. It is the familiar rule which excludes hearsay. The reasons are obvious, and they are two. First, because the averment of fact does not come to the jury sanctioned by the oath of the party on whose knowledge it is supposed to rest; and, secondly, because the party, upon whose interests it is brought to bear, has no opportunity to cross-examine him on whose supposed knowledge and veracity the truth of the fact depends." But Professor Wigmore considered the coupling of the oath with cross-examination in the definition of the rule as "merely accidental." He regarded the oath as "merely an incidental feature customarily accompanying cross-examination," and cross-examination as the "essential and real test required by the rule." An oath without cross-examination is not enough. *Ibid.*, § 1362. Only by cross-examination can it be determined whether the witness

speaks from personal knowledge and his assertion entitled to be credited or received as testimony. Cross-examination is held to be "a fundamental test of truth." *Ibid.*, § 1367.

The challenged testimony came from Heasley, Greyhound's driver. He quoted his co-defendant Settle as declaring, some time after the mishap, that the collision was not attributable to "the fault of either," either Settle or Heasley. The extra-judicial utterance thus laid to Settle was not a part of the *res gestœ,* but was essentially self-serving and hearsay in so far as it tended to exonerate the declarant himself of blame. The exculpation of Heasley and his principal is in a different category, even though it was a mere conclusion of the declarant. The interests of Settle and his co-defendants Greyhound and Heasley at the trial were adverse; and it would seem that this declaration was admissible on principle as contradictory of the declarant's testimony implicatory of Heasley and his principal. A statement elsewhere made by the present party and now offered against him as inconsistent with and contradictory of his present claim made in the pleadings or evidence constitutes an admission receivable in evidence. A prior assertion of the party inconsistent with his present claim is admissible under the principle of self-contradiction, as a discrediting element. Such a discrepancy is receivable to discredit a witness; and so also the party-opponent is discredited by showing that on another occasion he had made a statement inconsistent with his testimonial utterance. The admission was receivable at the instance of Greyhound and Heasley, not as proof of the subject matter, but rather for the probative process of contrast with Settle's testimony at the trial unfavorable to them. A defendant as a witness is impeachable like any other witness, by a co-party against whom he testifies. *Wigmore on Evidence* (3rd ed.), §§ 916, 1048, 1076; *Broderick v. Higginson,* 169 *Mass.* 482, 48 *N. E.* 269 (1897). There was no motion here to limit the admission accordingly.

But even though the declaration, standing alone, be deemed in its entirety within the exclusionary hearsay rule, its admission into evidence was in no sense prejudicial. Settle was

called as a witness by the plaintiff, and sworn. He testified in full as to the circumstances attending the collision. He was interrogated by counsel for the plaintiff and by his own counsel; and his testimony was subjected to cross-examination by Fischer's counsel. Thus, the hearsay rule was satisfied. What Settle said to Heasley was merely his conclusion from the circumstances which he related at length on the witness stand and subjected to the test of cross-examination. The declaration did not constitute an assertion untested by the criteria laid down in the law for determining testimonial trustworthiness. It is inconceivable that the jury were guided by Settle's bare conclusion, voiced shortly after the collision, rather than by his narration of the circumstances on the witness stand under oath, tested by cross-examination. Indeed, it is clear that the assertion was not credited, for the jury found Heasley and Greyhound guilty of negligence. The post-collision appraisement had no influence upon the verdict. It is utterly unreasonable to suppose that the jury did not confine themselves to Settle's testimony under the sanction of his oath and the essential test of cross-examination.

*Rule* 1:2–20(b) provides that a new trial shall not be granted for the improper admission or exclusion of evidence, "unless after examination of the whole case, it appears that the error injuriously affected the substantial rights of a party." There is no showing of substantial injury here. Clearly, the admission of Settle's assertion cannot have influenced the result.

I would reverse the judgment of the Appellate Division and affirm the original judgment of the Superior Court for the plaintiffs.

*For modification*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—Justice HEHER—1.