EDITH FERRY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN FERRY, DECEASED, PLAINTIFF-RESPONDENT, v. GEORGE SETTLE, FISCHER BAKING COMPANY, HANS SCHIRBER, CENTRAL GREYHOUND LINES, INC., OF NEW YORK AND FRANCIS HEASLEY, DEFENDANTS, CENTRAL GREYHOUND LINES, INC., OF NEW YORK AND FRANCIS HEASLEY, DEFENDANTS-APPELLANTS.

Argued November 27, 1950—Decided January 22, 1951.

See also 78 A. 2d 260.

*Mr. Augustus C. Studer, Jr.,* argued the cause for the appellants (*Messrs. McCarter, English & Studer,* attorneys).

*Mr. Thomas L. Morrissey* argued the cause for the respondent; *Mr. Milton A. Dauber* on the brief (*Messrs. Carpenter, Gilmour & Dwyer,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. These defendants-appellants, together with the Fischer Baking Company, Hans Schirber and George Settle, were charged jointly and in separate counts with negligence which proximately caused the death of plaintiff's intestate.

As a result of a trial in the Superior Court, Law Division, Morris County, a verdict of no cause of action was entered as against Settle and of $100,000 against the remaining defendants. On motion made to the trial court this was reduced to $85,450 and judgments for that amount were accordingly entered.

An appeal was taken to the Appellate Division by all of the defendants and the judgments were there reversed as to all of them because of the admission of certain testimony which was held to be harmful and prejudicial error as to the defendants Fischer Baking Company and Schirber. 6 *N. J. Super.* 107 (1950).

On petition a reargument was had and in a later opinion, 7 *N. J. Super.* 253 (1950), the previous opinion was modified, the holding being that the cause of action against the various defendants was separable and that the judgments entered in the trial court should be reversed as to the Fischer Baking Company and Schirber only. It accordingly ordered the judgments affirmed as entered against the Central Greyhound Lines, Inc., and Heasley and a new trial on the issue of liability as to the Fischer Baking Company and Schirber.

Both the plaintiff and these defendants, Central Greyhound Lines, Inc., and Heasley, sought certification to review the determination of the Appellate Division and their petitions were granted.

By an opinion rendered in 6 *N. J.* 254, wherein this plaintiff was the appellant and the Fischer Baking Company and Schirber the respondents, filed on even date herewith, we determined that as to those parties the judgment of the Appellate Division should be modified and a trial *de novo* had on all issues.

This appeal is that of the Central Greyhound Lines, Inc., and Heasley and presents the problem of whether or not the judgment of the Appellate Division as to them should be affirmed in view of the fact that their joint tort-feasors have been granted a new trial on the question of their liability.

It was the original viewpoint of the Appellate Division, as expressed in its first opinion, that harmful error having been

committed in the trial court as to some of the defendants the
judgments should be reversed as to all of them. After the
reargument it held, in its second opinion, relying primarily
on the case of *Moersdorf, Admx., etc., v. New York Telephone
Co., et al.,* 84 *N. J. L.* 747 (*E. & A.* 1913), and the rules
of the former Supreme Court, that it had no discretion in
the matter but should reverse only as to those defendants
respecting whom reversible error had been committed, the
questions raised against the several defendants being separable.

At common law and prior to the Practice Act of 1912.
a reversal as to one joint tort-feasor required a reversal as
to all. However, by virtue of the Practice Act and *Rules* 131
and 143 of the former Supreme Court promulgated as a result
thereof it became discretionary with the court as to whether
or not a reversal should be ordered as to all or less than all
defendants where harmful error had been committed against
some of them, provided the cause of action is separable.
*Roberts v. Saunders,* 118 *N. J. L.* 548 (*E. & A.* 1937);
*Rose Drotar v. Pennsylvania Railroad Co.,* 120 *N. J. L.*
199 (*Sup. Ct.* 1938); affirmed, 123 *N. J. L.* 201 (*E. &
A.* 1939). *Moersdorf, Admx., etc., v. New York Telephone
Co., supra,* was decided on June 18, 1913, before the
rules of the former Supreme Court, adopted as a result of
the Practice Act of 1912 went into effect.

There is no exact counterpart in our present rules to
Rules 131 and 143 of the former Supreme Court but our *Rule*
3:59–1, applicable to the trial courts, specifically gives to
them the discretion to order a new trial as to less than all
the parties and issues and we have indicated that this
rule is also applicable to the Appellate Courts. *Paolercio v.
Wright,* 2 *N. J.* 412 (1949); *Rempfer, v. Deerfield Packing
Corp.,* 4 *N. J.* 135, 149 (1950).

The liability of all these four defendants arose out of an
intermingled group of facts and circumstances presented to
the jury as a composite picture. The plaintiff could have
brought her actions against any one or more of the tort-feasors,
though there is no right of contribution among them. The
fact is all were parties defendant, jointly and severally, in

the one action and the jury by its verdict found all these four defendants guilty of negligence and exonerated the fifth defendant.

The practical effect of the judgment of the Appellate Division is to set aside the verdict of the jury and to direct a verdict in favor of only two of the four defendants whom the jury found liable, since it left the judgment as to the other two joint tort-feasors in the sum of $85,450 stand as a collectible judgment from these two, subject to the plaintiff's right to a new trial against the defendants, Fischer Baking Company and Schirber, on the question of liability, only if plaintiff should see fit to exercise that right. It certainly is not clear why the plaintiff would want to exercise such right, if at all.

Each case in which the present or a similar problem is presented must be considered and decided in the ambit of its own peculiar facts and circumstances. In the instant case simple fundamental justice dictates that as two of the joint tort-feasors may have been relieved of all responsibility the judicial discretion should be exercised and a new trial ordered as to all the defendants against whom the jury returned the verdict.

The judgments of the Appellate Division as to the defendants-appellants here, Central Greyhound Lines, Inc., and Heasley, are reversed and a trial *de novo* awarded. No costs are allowed.

Heher, J. (concurring). In this case, as in A-47, involving the judgment for plaintiff against Fischer Baking Company and Hans Schirber, this day decided, 6 *N. J.* 254, I find no reversible error in the original judgment of the Superior Court. But my brethren have found error in the original judgment reviewed in A-47; and, since that judgment is now reversed, I am constrained, in the interest of essential justice, to concur in the reversal of the judgment in A-48, to the end that all the issues be tried anew as to the appellants in both cases.

It follows from what I have said in the dissenting opinion in A-47 that I do not accept the thesis that the appellants in A-48 have induced error which precludes a reversal of the judgment against them in keeping with the reversal of the judgment in A-47.

VANDERBILT, C. J. (dissenting). The error in the trial of this case, which was in no way prejudicial to these defendants but only to their codefendants, was occasioned not by the plaintiff, nor the court, but by questions asked by these very defendants. They are in no position to have error thus occasioned by them rebound to their benefit merely by virtue of their association as codefendants with those prejudiced by it. To order a reversal in these circumstances would be to encourage defendants in other cases to cause error as to their codefendants, knowing that it could not operate to their own detriment not being prejudicial to the plaintiff, but only to their benefit on appeal in the event of an adverse judgment.

It is to be noted that only two cases were cited by these defendants in support of their contention that we should exercise our discretion in favor of reversal, and in both of these cases there were special circumstances not here present. In the first of these cases, *Roberts v. Saunders,* 118 *N. J. L.* 548 (*E. & A.* 1937), the Court of Errors and Appeals stated:

"A number of grounds of appeal are argued in each case: some of which though meritorious and in our view intrinsically sufficient for reversal, are unavailable for technical procedural reasons. We conclude, however, that the judgments should be reversed for other reasons presently to be stated."

The court then went on to hold that the trial court had erroneously excluded a statement signed by the plaintiff which impeached his testimony at the trial and which tended to inculpate one defendant and exculpate the other. In addition the trial court had erred in limiting the two defendants to six peremptory challenges between them when they were entitled to six each because of their conflicting position. This latter error was not objected to by one defendant and so on

appeal it was not available to him even though prejudicial. The court in the exercise of its discretion reversed the judgment below as to both defendants.

In the second case cited, *Drolar v. Pennsylvania R. R. Company*, 120 *N. J. L.* 199 (*Sup. Ct.* 1938); affirmed, 123 *N. J. L.* 201 (*E. & A.* 1939), the court held that the trial court had erred in not granting the railroad company's motion for a nonsuit on the grounds that it had not been shown that it had notice of the existence of the oily spot on the floor on which the plaintiff slipped and fell. The proof against the other defendant, a mere janitor, was not lacking in this respect. It may be inferred from the opinion of the court, however, that the railroad company in fact did have the necessary knowledge, for the court states:

"The factual situation was not helped by any testimony received after the motion for nonsuit had been denied, so that the error in refusing to nonsuit as to the company was not cured."

In this situation it would have been inequitable to permit the judgment to stand against the janitor alone and, as a practical matter, would likely have been of little value to the plaintiff. Thus the court in the exercise of its discretion reversed as to both defendants even though a reversal was required only as to the railroad company. In the instant case there are no such special circumstances and I see no good reason why the plaintiff should be deprived of her judgment against these two defendants who were proven negligent and as to whom there was no error. I am, therefore, of the opinion that the judgment appealed from should be affirmed. This would be in accord with the practice which has generally prevailed in this State since the common law rule requiring a reversal was changed by the Practice Act of 1912 to make an affirmance mandatory, *Moersdorf v. New York Telephone Co.*, 84 *N. J. L.* 747 (*E. & A.* 1913); *Hagy v. Hafner*, 86 *N. J. L.* 502 (*Sup. Ct.* 1914), and by *Rules* 131 and 143 of the former Supreme Court, promulgated thereunder, to make an affirmance discretionary. *Seacoast Finance Co. v. Cornell*, 104 *N. J. L.* 24 (*Sup. Ct.* 1927); *Huff v. C. W. Goddard Coal*

*and Supply Co.,* 106 *N. J. L.* 19 (*Sup. Ct.* 1930); *Felix et al. v. Adelman,* 113 *N. J. L.* 445 (*E. & A.* 1934).

I am authorized by Mr. Justice Wachenfeld and Mr. Justice Ackerson to state that they join in this dissent.

*For reversal*—Justices CASE, HEHER, OLIPHANT and BUR-LING—4.

*For affirmance*—Chief Justice VANDERBILT, and Justices WACHENFELD and ACKERSON—3.